[Cite as *State ex rel. Duncan v. DeWeese*, 2011-Ohio-5194.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO, EX. REL ROY SHANE DUNCAN | : | JUDGES: Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Relator | : |  |
|  | : |  |
| -vs- | : | Case No. 2011-CA-67 |
|  | : |  |
| JUDGE JAMES DEWEESE | : |  |
|  | : | O P I N I O N |
| Respondent | | |

CHARACTER OF PROCEEDING:          Writ of Procedendo

JUDGMENT:          Writ Issued

DATE OF JUDGMENT ENTRY:          October 5, 2011

APPEARANCES:

For Relator                                        For Respondent

ROY DUNCAN  PRO SE                    JILL M. COCHRAN
North Central Correctional Inst.        Assistant Richland County Prosecutor
670 Marion Williamsport Rd. E.        38 South Park Street, 2nd Fl.
Box 1812                                        Mansfield, OH 44902
Marion, OH 43301-1812

*Hoffman, P.J.*

**{1}** Relator filed a Petition for Writ of Procedendo requesting a writ to compel the trial court to rule on Relator's motion for resentencing filed with the trial court on March 10, 2011. Respondent has filed a motion to dismiss urging this Court to deny the requested writ, arguing Sup.R. 40 is advisory and not mandatory.

**{2}** To be entitled to a writ of procedendo, "a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law." *Miley,* supra, at 65, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 462, 650 N.E.2d 899. The Supreme Court has noted, "The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be." *State ex rel. Davey v. Owen,* 133 Ohio St. 96, *106, 12 N.E.2d 144, 149 (1937).

**{3}** "Sup.R. 40(A)(3) provides that motions shall be ruled upon within 120 days from the date of filing. Thus, a complaint in mandamus to compel a ruling on a motion which has been pending less than that time is premature. *State ex rel. Rodgers v. Cuyahoga Cty. Court of Common Pleas* (1992), 83 Ohio App.3d 684, 615 N.E.2d 689 and *State ex rel. Byrd v. Fuerst* (July 12, 1991), Cuyahoga App. No. 61985." *State ex rel. Smith v. Suster,* Cuyahoga App. No. 89031, 2007-Ohio-89, at ¶ 2.

**{4}** A meritorious claim in procedendo does not automatically exist because a motion remains pending longer than 120 days, "[U]nder Superintendence Rule 40(A)(3) a trial court is directed to rule on a pending motion within 120 days from the date the

motion was filed.  [T]he passage of 120 days does not automatically entitle a litigant to a writ of mandamus. As stated in *State ex. Rel. Rodgers v. Cuyahoga Cty. Court of Common Pleas* (1992), 84 Ohio App.3d 684, 615 N.E.2d 689; "The rule may impose upon the trial court the duty to rule upon motions within one hundred twenty days for purposes of efficient court administration. That, however, does not necessarily mean that a corresponding right is created for litigants to force a trial judge to rule upon any motion within one hundred twenty days, regardless of the posture of the litigation. The need for discovery, the issues presented, the possibility of settlement, other motions pending in the case, and even other matters pending before the court could all, inter alia, be sufficient reason for the trial court within its proper discretion not to rule upon a motion within one hundred twenty days. Furthermore, allowing litigants to enforce such a rigid rule risks depriving other litigants of due process, invites gamesmanship in litigation, and could frustrate the policy of deciding cases on their merits and not on procedural technicalities. *State ex rel. Richard v. Gorman* (Aug. 19, 1992), Cuyahoga App. No. 63333, unreported." *Powell v. Houser* 2007 WL 1666587.

{5}     Despite the fact Sup.R. 40 does not necessarily create a clear legal duty on the 121st day after a motion is filed, in this case, Respondent has failed to offer any explanation to why he has failed to rule upon the motion.  There are no known reasons such as those cited by our colleagues in the Eight District noted above which would have prevented Respondent from ruling on the motion within 120 days.  Furthermore, as of the filing of this Complaint, an additional two months have passed without a ruling on the motion.

{6}     While this Court does not intend to suggest how the trial court should rule on the motion filed on March 10, 2011, this Court finds the trial court should enter a ruling on the motion forthwith.

{7}     For these reasons, the writ of procedendo is granted.


By Hoffman, P.J.,

Farmer, J., and

Delaney, J., concur


                                        s/ William B. Hoffman_____
                                        HON. WILLIAM B. HOFFMAN

                                        s/ Sheila G. Farmer_____
                                        HON. SHEILA G. FARMER

                                        s/ Patricia A. Delaney_____
                                        HON. PATRICIA A. DELANEY

[Cite as *State ex rel. Duncan v. DeWeese*, 2011-Ohio-5194.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, EX. REL<br>ROY SHANE DUNCAN | : | |
| | : | |
| Relator | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JUDGE JAMES DEWEESE | : | |
| | : | |
| | : | |
| Respondent | : | CASE NO. 2011-CA-67 |

For the reasons stated in our accompanying Opinion, Relator's Petition for a Writ of Procedendo is granted. The Richland County Court of Common Pleas shall proceed to rule on Relator's pending motion forthwith. Costs waived.

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER

s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY