THE STATE EX REL. CULGAN, APPELLANT, *v.* COLLIER, JUDGE, APPELLEE.

[Cite as *State ex rel. Culgan v. Collier,* **135 Ohio St.3d 436, 2013-Ohio-1762.**]

*Sup.R. 40 provides guidance in determining whether a trial court has unduly delayed ruling on a motion—Court of appeals' judgment dismissing petition for writ of procedendo reversed—Writ of procedendo granted.*

(No. 2012-1464—Submitted March 13, 2013—Decided May 2, 2013.)

APPEAL from the Court of Appeals for Medina County, No. 12CA0064-M.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a court of appeals' judgment dismissing petitions for writs of mandamus and procedendo to compel a trial judge to rule on a motion to terminate postrelease control. Appellant, Clifford Culgan, had moved the trial court to terminate postrelease control because of a claimed error in his 2009 sentencing entry. When appellee, Judge Christopher Collier, did not rule on the motion within 120 days, Culgan filed a complaint for writs of procedendo and mandamus in the Ninth District Court of Appeals to force the judge to rule.

{¶ 2} The Ninth District dismissed the complaint, and Culgan appealed to this court. We reverse the Ninth District, but for reasons other than those argued by Culgan.

## Facts

{¶ 3} In 2002, Judge Collier, of the Medina County Court of Common Pleas, found Culgan guilty of several felonies and sentenced him to an aggregate total of ten years in prison. Judge Collier conducted a resentencing hearing on July 31, 2009, and issued an entry on August 18, 2009, again sentencing Culgan to ten years, giving him credit for the time he had served. Culgan appealed, and the Ninth District affirmed. *State v. Culgan*, 9th Dist. No 09CA0060-M, 2010-

Ohio-2992, 2010 WL 2624104.  We denied his further appeal, *State v. Culgan*, 126 Ohio St.3d 1599, 2010-Ohio-4928, 935 N.E.2d 46, and the United States Supreme Court denied certiorari, *Culgan v. Ohio*, ___ U.S. ___, 131 S.Ct. 1697, 179 L.Ed.2d 631 (2011).

{¶ 4}  On March 21, 2012, Culgan filed a motion to terminate postrelease control.  When no decision was made on that motion by July 24, 2012, Culgan filed the complaint in this case in the Ninth District Court of Appeals for writs of mandamus and procedendo.  The Ninth District dismissed the complaint.  *State ex rel. Culgan v. Collier*, 9th Dist. No. 12CA0064-M (Aug. 8, 2012).  Culgan appealed, and both parties have submitted briefs.

{¶ 5}  The appeal is now before the court for our consideration of the merits.

**Legal Analysis**

{¶ 6}  The court of appeals dismissed Culgan's complaint for writs of mandamus and procedendo on the basis that he had an adequate remedy by appeal to raise his postrelease-control claims.  However, Culgan's complaint was not an attack on the trial judge's ruling against him on postrelease control, but was instead an attempt to get the trial judge to rule on his motion to terminate postrelease control.

{¶ 7}  To be entitled to a writ of mandamus, Culgan must demonstrate that he has a clear legal right to the relief, that Judge Collier has a clear legal duty to provide that relief, and that Culgan has no adequate remedy at law.  *State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections*, 133 Ohio St.3d 153, 2012-Ohio-4267, 976 N.E.2d 890, ¶ 12.  For a writ of procedendo, Culgan must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law.  *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995).  A writ of

procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995).

{¶ 8} Culgan bases his argument on Sup.R. 40, but that rule does not give rise to an enforceable right in mandamus or procedendo. Culgan argues that Judge Collier had a duty to issue a ruling on his motion within 120 days of its being filed. Specifically, he relies on Sup.R. 40(A)(3), which states that "[a]ll motions shall be ruled upon within one hundred twenty days from the date the motion was filed * * *." However, while the Rules of Superintendence provide important guidelines for ensuring the expeditious resolution of cases in the trial courts, they give litigants an enforceable right in mandamus only in specified circumstances, and those circumstances do not exist here.

{¶ 9} Specifically, Sup.R. 47(B) gives an aggrieved party a right to a writ of mandamus for a violation of Sup.R. 44 through 47:

> A person aggrieved by the failure of a court or clerk of court to comply with the requirements of Sup.R. 44 through 47 may pursue an action in mandamus pursuant to Chapter 2731. of the Revised Code.

Culgan seeks to enforce Sup.R. 40, a rule not within the range specified. No other rule gives a person a right to pursue an action to enforce Sup.R. 40. Therefore, even though Judge Collier did not rule within the 120 days required by Sup.R. 40(A)(3), Culgan is not entitled to an extraordinary writ in mandamus to compel a ruling.

{¶ 10} However, "procedendo and mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 5;

*see also State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999).

**{¶ 11}** Sup.R. 40(A)(3) imposes on trial courts a duty to rule on motions within 120 days. Although the Rules of Superintendence do not provide litigants with a right to enforce Sup.R. 40, the rule does guide this court in determining whether a trial court has unduly delayed ruling on a motion for purposes of ruling on a request for an extraordinary writ. A court that takes more than 120 days to rule on a motion risks unduly delaying the case and, as here, risks our issuing writs of mandamus and/or procedendo to compel a ruling.

**{¶ 12}** That is not to say that claims in mandamus and/or procedendo automatically lie simply because a motion remains pending longer than 120 days. Other factors may dictate that a trial court take more time to rule on a motion. For example, a judge may require longer than 120 days to rule on a motion for summary judgment in a complex case. Other factors that might delay a ruling are the need for further discovery, the possibility of settlement, and other motions pending in the case. *See State ex rel. Duncan v. DeWeese*, 5th Dist. No. 2011-CA-67, 2011-Ohio-5194, 2011 WL 4625370, ¶ 4. This is not an exhaustive list; we cannot anticipate all the factors that might allow a court, acting within its proper discretion, to delay ruling on a motion past the 120 days commanded by the rule.

**{¶ 13}** That being said, Culgan's motion, which deals with an uncomplicated issue, has been pending in the trial court for over a year. Not only does the judge's failure to rule exceed the 120 days mandated in Sup.R. 40(A)(3), but a ruling on the motion would have mooted the present case, conserving judicial time and resources. *See Martin v. Judges of the Lucas Cty. Court of Common Pleas*, 50 Ohio St.3d 71, 72, 552 N.E.2d 906 (1990) (neither procedendo nor mandamus will compel the performance of a duty that has already been

4

performed). We therefore grant a writ of procedendo to compel Judge Collier to rule on Culgan's motion.

### Conclusion

**{¶ 14}** Culgan cannot demonstrate that he is entitled to a writ of mandamus to enforce Sup.R. 40(A)(3), but procedendo is appropriate here because the court failed to rule on an uncomplicated motion for over a year.

Judgment reversed,

and writ granted.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Clifford J. Culgan, pro se.

Dean Holman, Medina County Prosecuting Attorney, and Matthew A. Kern, Assistant Prosecuting Attorney, for appellee.

_____