[Cite as *State ex rel. Mitchell v. Enlow*, 2013-Ohio-3572.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. JAMES E. MITCHELL, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | **CASE NO. 2013-P-0024** |
| | : | |
| - vs - | : | |
| | : | |
| JUDGE JOHN A. ENLOW, | : | |
| Respondent. | : | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*James E. Mitchell*, pro se, PID# A293032, Marion Correctional Institution, 940 Marion-Williamsport Road, St. Marion, OH 43302 (Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM

{¶1} Pending before this court is relator, James E. Mitchell's, Petition for Writ of Mandamus, and respondent, Judge John A. Enlow's, Motion to Dismiss. For the following reasons, Mitchell's Petition is dismissed.

{¶2} On March 27, 2013, Mitchell filed a Petition for Writ of Mandamus in this court. The Petition alleged that, in Portage County Court of Common Pleas Case No. 1996 CR 00223, Mitchell was convicted of one count of Rape and one count of Aggravated Burglary. Mitchell's convictions were reversed in *State v. Mitchell*, 11th

Dist. Portage No. 1997-P-0074, 1998 Ohio App. LEXIS 5809 (Dec. 4, 1998). On remand, the trial court entered a Nolle Prosequi with respect to the Rape conviction, on the State's motion. No further prosecution of Mitchell occurred in Case No. 1996 CR 00223.

{¶3} Mitchell subsequently learned that the Aggravated Burglary conviction remained on his record.

{¶4} On November 9, 2012, Mitchell filed a Motion to Correct the Record, requesting "that a journal entry be certified by the court removing the conviction from his record, and that the Ohio Department of Rehabilitation and Corrections (Bureau of Sentence Computation) be ordered to correct their records pertaining to the Defendant."

{¶5} "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. An action for mandamus will lie "when a trial court has refused to render, or unduly delayed rendering, a judgment." (Citation omitted.) *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 10.

{¶6} In his Motion to Dismiss, Judge Enlow contended, in part, that the relief sought by Mitchell has been granted. On May 20, 2013, the trial court, in Case No. 1996 CR 00223, entered a Nolle Prosequi to the Indictment charging Mitchell with Aggravated Burglary, on the State's motion. On May 21, 2013, the trial court overruled Mitchell's Motion to Correct the Record as moot.

{¶7} Judge Enlow further argued that he "is not the appropriate party to modify Mr. Mitchell's record of conviction maintained by the Ohio Department of Rehabilitation

2

and Corrections," as he "is not the keeper of the records maintained by the Ohio Department of Rehabilitation and Corrections."

{¶8} It is well-established that mandamus will not lie to "compel the performance of a duty that has already been performed." (Citation omitted.) *Culgan*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, at ¶ 13.

{¶9} In a Memorandum in Opposition, untimely filed on July 5, 2013, Mitchell acknowledges that his Petition has been rendered moot, but contends that we should address the matter as one capable of repetition yet evading review, in that he is left "with no choice but to file repetitive motion(s) with Respondent in an effort to remove this conviction from his record." We disagree. Beyond nolling the conviction for Aggravated Burglary, Mitchell has not identified any further action that Judge Enlow is under a duty to perform for the purpose of removing the conviction from his record. As noted by Judge Enlow, the record of Mitchell's conviction is maintained by the non-party Ohio Department of Rehabilitation and Correction.

{¶10} For the reasons stated therein, the Motion to Dismiss is well-taken.

{¶11} Mitchell's Petition for Writ of Mandamus is hereby dismissed, and any pending motions are overruled as moot.

TIMOTHY P. CANNON, P.J., DIANE V. GRENDELL, J., COLLEEN MARY O'TOOLE, J., concur.