[Cite as *Queer v. Henson*, 2013-Ohio-4668.]

IN THE COURT OF APPEALS
FIFTH APPELLATE DISTRICT
RICHLAND COUNTY, OHIO

| | | |
|---|---|---|
| SAM QUEER | : | JUDGES: |
| | : | |
| Relator | : | |
| | : | Hon., Patricia A. Delaney P.J. |
| | : | Hon., W. Scott Gwin J |
| -vs- | : | Hon., William B. Hoffman J. |
| | : | |
| JUDGE JAMES D. HENSON | : | CASE NO. 13CA67 |
| | : | |
| Respondent | : | |
| | : | OPINION |

CHARACTER OF PROCEEDING:          Petition for Writ of Procedendo

JUDGMENT:                                        DISMISSED

DATE OF JUDGMENT ENTRY:          September 30, 2013

APPEARANCES:

For Relator – Pro se:                          For Respondent:

Sam Queer #632-894                          Jill M. Cochran
P.O. Box 57                                        Asst. Richland County Prosecutor
Marion, OH  43301                             38 South Park Street, 2nd Floor
                                                          Mansfield, OH  44902

Delaney, J.,

{¶1} Petitioner, Sam Queer, has filed a "Complaint/Petition for Writ of Procedendo" asking this Court to issue an order requiring Respondent, Judge James Henson, to rule on a "Motion to Dismiss Counsel" filed on April 25, 2013.

{¶2} The Supreme Court has explained, "For a writ of procedendo, [a petitioner] must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas,* 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna,* 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995)." *State ex rel. Culgan v. Collier* (2013), 135 Ohio St.3d 436, 437, 988 N.E.2d 564, 565.

{¶3} The *Culgan* court went on to advise, "Sup.R. 40(A)(3) imposes on trial courts a duty to rule on motions within 120 days. Although the Rules of Superintendence do not provide litigants with a right to enforce Sup.R. 40, the rule does guide this court in determining whether a trial court has unduly delayed ruling on a motion for purposes of ruling on a request for an extraordinary writ. A court that takes more than 120 days to rule on a motion risks unduly delaying the case and, as here, risks our issuing writs of mandamus and/or procedendo to compel a ruling." *Id.* at 438.

Delaney, J.,

{¶4}  In this case, the motion was not pending for more than 120 days prior to the filing of this complaint.  For this reason, we find procedendo is not appropriate under the facts presented here.

{¶5}  Further, the Supreme Court has held that a judge's performance of the requested act makes the complaint in procedendo moot.  *State ex rel. Hazel v. Bender*, 129 Ohio St.3d 496, 496, 954 N.E.2d 114, 115 (Ohio,2011).

{¶6}  Subsequent to the filing of the instant complaint, Respondent ruled on the motion to dismiss counsel and has appointed new counsel for Relator.  For this reason, we dismiss the instant petition as moot.

{¶7}  Costs waived.


By:  Delaney, P.J.
     Gwin, J. and
     Hoffman, J. concur

                                        _____
                                        HON. PATRICIA A. DELANEY

                                        _____
                                        HON. W. SCOTT GWIN

                                        _____
                                        HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS
FIFTH APPELLATE DISTRICT
RICHLAND COUNTY, OHIO

| | | |
|---|---|---|
| SAM QUEER | : | |
| | : | CASE NO. 13CA67 |
| Relator | : | |
| | : | |
| -vs- | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| JUDGE JAMES D. HENSON | : | |
| | : | |
| Respondent | : | |

For the reasons stated in our accompanying Memorandum-Opinion, Petitioner's Complaint for Writ of Procedendo is hereby dismissed. Costs waived.

_____
HON. PATRICIA. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN