[Cite as *State ex rel. Benge v. Hunter*, 2013-Ohio-4502.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO EX REL. KLARYSA   :             NO. C-130565
BENGE,

                                   :

    Relator,

                                   :             *O P I N I O N.*

  vs.

                                   :

TRACIE M. HUNTER, JUDGE,
Hamilton County Court of Common   :
Pleas, Juvenile Divison,

    Respondent.                   :

Original Action in Procedendo

Writ of Procedendo is Issued

Date of Judgment Entry: October 11, 2013

*Klarysa Benge*, Relator,

*Firooz T. Namei* and *James F. Bogen,* for Respondent.

Per Curiam.

{¶1} Relator, Klarysa Benge, attorney guardian ad litem for Z.L., a minor child, brings this original action in the best interests of the child. She claims entitlement to a writ of procedendo to compel respondent Judge Tracie M. Hunter to expeditiously rule on the objection and motion for leave to file out of time filed by the child's grandmother to the magistrate's decision granting permanent custody of the child to Hamilton County Department of Job and Family Services ("HCJFS") in Hamilton County Court of Common Pleas, Juvenile Division, Case No. F10-0131Z.

{¶2} On February 11, 2011, HCJFS moved to modify the temporary order of custody to an order of permanent custody. On April 2, 2012, the magistrate granted permanent custody to HCJFS, and issued an amended decision of clarification on April 11, 2012. Preliminary objections and a motion for leave to file out of time were filed by the grandmother on May 17, 2012. Thereafter, on September 7, 2012, the magistrate issued detailed findings of fact regarding the grant of permanent custody. On October 30, 2012, the grandmother's objection was dismissed for failure of petitioner or her counsel to appear. A motion for reconsideration was filed on November 5, 2012, which was granted on February 5, 2013. Judge Hunter heard oral arguments on the objection on May 2, 2013 and May 13, 2013. Klarysa Benge states that Judge Hunter has not yet ruled on the objection or the motion for leave as required by Juv.R. 40(D)(4)(d).

{¶3} In support of her petition for a writ of procedendo, Klarysa Benge asserts that she has a clear legal right to a decision on the objection, that Judge Hunter has a clear legal duty to proceed, and that she has no plain and adequate remedy in the ordinary course of law. As of this date, Judge Hunter has not responded to Klarysa Benge's complaint, nor has she advanced an explanation for her failure to rule upon the grandmother's objection and motion for leave.

{¶4} Procedendo is an extraordinary writ, issued by a court of superior jurisdiction, directing a lower court to proceed to judgment in a case. *State ex rel.*

*Sherrills v. Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995).  A writ of procedendo is proper when a trial court has refused to render, or has unnecessarily delayed rendering, a judgment.  *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 10.  In this case, Klarysa Benge claims that a writ of procedendo is proper because Judge Hunter has unnecessarily delayed a decision in this matter.

{¶5}   In determining whether Judge Hunter has unnecessarily delayed a decision in this matter, we are guided by Sup.R. 40(A)(2) and 40(A)(3).  Those rules provide, respectively, that cases submitted to a trial court for decision shall be decided within 90 days of the case's submission, and that motions shall be ruled upon within 120 days of the date of filing.   A court that fails to meet these time limits risks unduly delaying the case and risks an order compelling a decision.  *See Culgan* at ¶ 11.  But numerous factors, such as the complexity of the case, the involvement of a magistrate, and the need for further discovery, may justify a court, acting within its proper discretion, to delay issuing a decision or ruling on a motion beyond the time provided by the rules.  *Id.* at ¶ 12.

{¶6}   Klarysa Benge argues that  Judge Hunter has unduly delayed ruling on the objection, and that the child has been severely prejudiced and emotionally harmed by the lack of permanency.  The child has resided with foster parents since eight months of age.  The foster parents seek to adopt the child, but they cannot proceed while the objection is pending.   Klarysa Benge also contends that she has not contributed to the delay.  As previously noted, Judge Hunter has not responded to Klarysa Benge's complaint, nor has she advanced an explanation for her failure to rule upon the objection and motion for leave.

{¶7}   After our review, we conclude that Judge Hunter has unduly delayed rendering a decision on the objection in this matter.  We further conclude that Judge Hunter has a clear legal duty to issue a decision on the objection and that the child,

through the guardian ad litem, has a clear legal right to that decision. In addition, Klarysa Benge has no plain and adequate remedy in the ordinary course of law.

{¶8} We therefore grant a writ of procedendo to compel Judge Hunter to rule on the objection and motion for leave to file out of time filed by the child's grandmother and to enter that decision upon the record on or before November 7, 2013.

Writ issued.

**HENDON, P.J., DINKELACKER** and **DeWINE, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.