[Cite as *State ex rel. Landvatter v. Hunter*, 2013-Ohio-4501.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO EX REL. JAMIE :          NO. C-130564
LANDVATTER,

     :

     Relator,

     :          *O P I N I O N.*

     vs.

     :

TRACIE M. HUNTER, JUDGE,
Hamilton County Court of Common : 
Pleas, Juvenile Divison,

     Respondent.      :

Original Action in Procedendo

Writ of Procedendo is Issued

Date of Judgment Entry: October 11, 2013

*Jamie Landvatter*, Relator,

*Firooz T. Namei* and *James F. Bogen,* for Respondent.

Per Curiam.

{¶1}    Relator, Jamie Landvatter, attorney guardian ad litem for three  minor sibling children, brings this  original action in the best interests of the children.  She claims entitlement to a writ of procedendo to compel respondent Judge Tracie M. Hunter to expeditiously rule on the objection, filed on February 22, 2013, by the children's father, including his request for leave to file out of time, to the magistrate's decision in Hamilton County Court of Common Pleas, Juvenile Division, Case No. F11-1824Z.   The magistrate granted permanent custody of the children to the Hamilton County Department of Job and Family Services ("HCJFS") on January 14, 2013.

{¶2}    The procedural history is uncomplicated.   On February 27, 2012, HCJFS moved to modify its temporary order of custody to a permanent order for the two oldest children.  After the third child was born on April 17, 2012, HCJFS filed for temporary custody on May 23, 2012, and filed an amended request for permanent custody on May 30, 2012.   Judge Hunter heard oral arguments on the father's objection and motion for leave on May 16, 2013.   Jamie Landvatter alleges, and Judge Hunter does not dispute, that Judge Hunter has not yet ruled on the objection or the motion for leave as required by Juv.R. 40(D)(4)(d).

{¶3}    In support of her petition for a writ of procedendo, Jamie Landvatter asserts that she has a clear legal right to a decision on the objection, that Judge Hunter has a clear legal duty to proceed, and that she has no plain and adequate remedy in the ordinary course of law.   As of this date, Judge Hunter has not responded to Jamie Landvatter's complaint, nor has she advanced an explanation for her failure to rule upon the objection and motion for leave.

{¶4}    Procedendo is an extraordinary writ, issued by a court of superior jurisdiction, directing a lower court to proceed to judgment in a case.  *State ex rel. Sherrills v. Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995).  A writ of

procedendo is proper when a trial court has refused to render, or has unnecessarily delayed rendering, a judgment. *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 10. In this case, Jamie Landvatter claims that a writ of procedendo is proper because Judge Hunter has unnecessarily delayed a decision in this matter.

{¶5} In determining whether Judge Hunter has unnecessarily delayed a decision in this matter, we are guided by Sup.R. 40(A)(2) and 40(A)(3). Those rules provide, respectively, that cases submitted to a trial court for decision shall be decided within 90 days of the case's submission, and that motions shall be ruled upon within 120 days of the date of filing. A court that fails to meet these time limits risks unduly delaying the case and risks an order compelling a decision. *See Culgan* at ¶ 11. But numerous factors, such as the complexity of the case, the involvement of a magistrate, and the need for further discovery, may justify a court, acting within its proper discretion, to delay issuing a decision or ruling on a motion beyond the time provided by the rules. *Id.* at ¶ 12.

{¶6} Jamie Landvatter argues that Judge Hunter has unduly delayed ruling on the father's request to file out of time or the objection itself, and that the children have been severely prejudiced and emotionally harmed by the lack of permanency. The children's foster parents seek to adopt them, but they cannot proceed while the objection is pending. As previously noted, Judge Hunter has not responded to Jamie Landvatter's complaint, nor has she advanced an explanation for her failure to rule upon the objection and motion for leave.

{¶7} After our review, we conclude that Judge Hunter has unduly delayed rendering a decision on the objection in this matter. We further conclude that Judge Hunter has a clear legal duty to issue a decision on the objection and motion for leave to file out of time, and that the children, through their guardian ad litem, have

3

a clear legal right to that decision. In addition, Jamie Landvatter has no plain and adequate remedy in the ordinary course of law.

{¶8} We therefore grant a writ of procedendo to compel Judge Hunter to rule on the objection and motion for leave to file out of time filed by the children's father and to enter that decision upon the record on or before November 7, 2013.

Writ issued.

**HENDON, P.J., DINKELACKER** and **DeWINE, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.