[Cite as *State ex rel. Nagel v. Hunter*, 2013-Ohio-4874.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO EX REL. MARY ANN NAGEL, | : | NO. C-130619 |
| | : | |
| Relator, | | *OPINION.* |
| | : | |
| vs. | | |
| | : | |
| TRACIE M. HUNTER, JUDGE, Hamilton County Court of Common Pleas, Juvenile Divison, | : | |
| | : | |
| Respondent. | : | |

Original Action in Procedendo

Writ of Procedendo is Issued

Date of Judgment Entry: November 6, 2013

*Kimberly A. Helfrich*, for Relator,

*Judge Tracie M. Hunter,* Pro se.

Per Curiam.

{¶1}   Relator, Mary Ann Nagel, guardian ad litem for three minor sibling children, brings this original action for a writ of procedendo.  She seeks to compel respondent Judge Tracie M. Hunter to expeditiously rule on objections to a magistrate's decision recommending that permanent custody of the children be granted to the Hamilton County Department of Job and Family Services ("HCJFS").

{¶2}   On October 5, 2011, HCJFS filed a motion to modify its temporary order of custody to a permanent order for the two oldest children.  Then, on February 10, 2012, HCJFS filed a motion for permanent custody as to the youngest child, M.P.  The magistrate recommended granting permanent custody of the children to HCJFS on November 6, 2012.

{¶3}   The children's mother filed objections to the magistrate's decision on November 13, 2012, and the father of M.P. filed objections on November 20, 2012. The father of M.P. also filed supplemental objections on May 28, 2013.  These objections were filed in the Hamilton County Court of Common Pleas, Juvenile Division, under Case No. F09-2732Z.

{¶4}   Judge Hunter heard oral arguments on the objections on May 28, 2013.   Nagel alleges that Judge Hunter has not yet ruled on the objections as required by Juv.R. 40(D)(4)(d).  Judge Hunter has not responded to the allegations and has therefore not disputed that she has failed to rule on the objections.

{¶5}   In support of her petition for a writ of procedendo, Nagel asserts that she has a clear legal right to a decision on the objections, that Judge Hunter has a clear legal duty to proceed, and that Nagel has no plain and adequate remedy in the ordinary course of law.  As we have already noted, Judge Hunter has not responded to Nagel's complaint, and she has not advanced an explanation for her failure to rule upon the objections.

{¶6}   Procedendo is an extraordinary writ, issued by a court of superior jurisdiction, directing a lower court to proceed to judgment in a case. *State ex rel. Sherrills v. Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995).  A writ of procedendo is proper when a trial court has refused to render, or has unnecessarily delayed rendering, a judgment. *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 10.  In this case, Nagel claims that a writ of procedendo is proper because Judge Hunter has unnecessarily delayed a decision on the objections.

{¶7}   In determining whether Judge Hunter has unnecessarily delayed a decision in this matter, we are guided by Sup.R. 40(A)(2) and 40(A)(3).  Those rules provide, respectively, that cases submitted to a trial court for decision shall be decided within 90 days of the case's submission, and that motions shall be ruled upon within 120 days of the date of filing.   A court that fails to meet these time limits risks unduly delaying the case and risks an order compelling a decision.  *See Culgan* at ¶ 11.  But numerous factors, such as the complexity of the case, the involvement of a magistrate, and the need for further discovery, may justify a court, acting within its proper discretion, to delay issuing a decision or ruling on a motion beyond the time provided by the rules.  *Id.* at ¶ 12.

{¶8}   Nagel argues that Judge Hunter has unduly delayed ruling on the objections and that the children have been severely prejudiced and emotionally harmed by the lack of permanency.  After our review, we conclude that Judge Hunter has unduly delayed rendering a decision on the objections in this matter.  We further conclude  that Judge Hunter has a clear legal duty to issue a decision on the objections and that the children, through their guardian ad litem, have a clear legal right to that decision.  In addition, Nagel has no plain and adequate remedy in the ordinary course of law.

{¶9}    We therefore grant a writ of procedendo to compel Judge Hunter to rule on the objections filed by the children's mother and the father of M.P. and to enter that decision upon the record on or before November 27, 2013.  We further order Judge Hunter to transmit to this court a certified copy of her decision by 12:00 p.m. on November 27, 2013.

Writ issued.

**HILDEBRANDT, P.J., DINKELACKER** and **DeWINE, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.