[Cite as *State ex rel. Cromwell v. Dellick*, 2017-Ohio-7564.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, ex. rel. ERIC CROMWELL and JENNIFER CROMWELL | ) ) ) | |
| | ) | CASE NO. 17 MA 0047 |
| RELATORS | ) ) | |
| VS. | ) ) | OPINION AND JUDGMENT ENTRY |
| THE HONORABLE THERESA DELLICK | ) ) | |
| RESPONDENT | ) ) | |

CHARACTER OF PROCEEDINGS:    Petition for Writ of Mandamus

JUDGMENT:    Dismissed.

APPEARANCES:
For Relators    Attorney Matthew Giannini
1040 South Commons Place, Suite 200
Youngstown, Ohio 44514

For Respondent    Attorney Gina Zawrotuk
21 West Boardman Street, 5th Floor
Youngstown, Ohio 44503

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: September 7, 2017

[Cite as *State ex rel. Cromwell v. Dellick*, 2017-Ohio-7564.]
PER CURIAM.

{¶1} Relators, Eric Cromwell and Jennifer Cromwell, have filed a petition for a writ of mandamus seeking to compel Respondent, Judge Theresa Dellick, to act on their motion for legal custody. Respondent has filed a motion to dismiss.

{¶2} In 2013, Respondent adjudicated two children abused and dependent, and assigned temporary custody to the children's maternal grandmother and her husband. In 2014, Respondent transferred temporary custody of the children to their paternal cousins, Relator's herein.

{¶3} On February 8, 2017, Relator's filed a motion in Respondent's court to amend and/or designate the Relator's temporary custody order as one of legal custody. On March 15, 2017, Relators filed a petition for a writ of mandamus in this Court seeking to compel Respondent to act on their motion.[1]

{¶4} Generally, a petitioner may file for a writ of mandamus or for a writ of procedendo to compel a court to rule on a pending motion. However, a writ of mandamus is an extraordinary remedy which should be exercised with caution and issued only when the right is clear. *State ex rel. Brown v. Ashtabula Cty. Bd. of Elections*, 142 Ohio St. 3d 370, 2014-Ohio-4022, 31 N.E.3d 596, ¶ 11. Entitlement to a writ of mandamus requires the relator to demonstrate: (1) they have a clear legal right to the relief, (2) the respondent has a clear legal duty to provide that relief, and (3) they have no adequate remedy at law. *State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections,* 133 Ohio St.3d 153, 2012-Ohio-4267, 976 N.E.2d 890, ¶ 12.

{¶5} While counsel for Respondent argues that mandamus is not appropriate where the petitioner is seeking to have a judge rule in a particular fashion or in favor of a particular party, the crux of the relief Relators' seek here is simply to have Respondent act on their motion. The Ohio Supreme Court's Rules of Superintendence 40(A)(3) states that "[a]ll motions shall be ruled upon within one hundred twenty days from the date the motion was filed * * *." The Ohio Supreme Court has held that this rule does not give rise to an enforceable right in mandamus or procedendo. *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 8.

{¶6} However, in *Culgan*, the Court went to explain how the rule should guide a

---

[1]Relators filed a complaint for a writ of procedendo in this Court on May 15, 2017, seeking the same relief. That action remains pending. *State ex rel. Cromwell v. Dellick*, 7th Dist. No. 17 MA 0089.

court's consideration of a request to compel a ruling:

> Sup.R. 40(A)(3) imposes on trial courts a duty to rule on motions within 120 days. Although the Rules of Superintendence do not provide litigants with a right to enforce Sup.R. 40, the rule does guide this court in determining whether a trial court has unduly delayed ruling on a motion for purposes of ruling on a request for an extraordinary writ. A court that takes more than 120 days to rule on a motion risks unduly delaying the case and, as here, risks our issuing writs of mandamus and/or procedendo to compel a ruling.
>
> That is not to say that claims in mandamus and/or procedendo automatically lie simply because a motion remains pending longer than 120 days. Other factors may dictate that a trial court take more time to rule on a motion. For example, a judge may require longer than 120 days to rule on a motion for summary judgment in a complex case. Other factors that might delay a ruling are the need for further discovery, the possibility of settlement, and other motions pending in the case. *See State ex rel. Duncan v. DeWeese,* 5th Dist. No. 2011-CA-67, 2011-Ohio-5194, 2011 WL 4625370, ¶ 4. This is not an exhaustive list; we cannot anticipate all the factors that might allow a court, acting within its proper discretion, to delay ruling on a motion past the 120 days commanded by the rule.

Id. at ¶¶ 11-12.

{¶7} In the present case, Relator's filed their petition before this Court only thirty-five days after they had first filed their motion for legal custody in the trial court. Therefore, at the time Relators filed this mandamus petition, the 120 days set forth Sup.R. 40(A)(3) had yet to elapse, making their petition premature.

{¶8} Although 120 days have since elapsed since Relators filed their motion for legal custody, there are factors which justify the trial court in this instance taking more time than that to rule on the motion. The trial court has noted on the record that it has had difficulty scheduling hearings due to the unavailability of dates and times from the

parties' counsel. The case is undeniably a complex one involving the custody of two minor children. The maternal grandfather of the two minor children has adopted one of their siblings and has custody of another, younger sibling. He has a standing order of visitation with the two minor children that are the subject of the proceedings before Respondent and uses some of that time to facilitate visitation with the children's mother.

**{¶9}** The trial court had scheduled a custody trial to begin on May 3, 2017, which would have necessarily addressed or determined the merits of Relators' pending motion for legal custody. In a judgment entry filed by the trial court on May 3, 2017, the day set for trial, the trial court rescheduled the trial for October 16, 2017, noting that counsel had informed it that the matter was being "held" in this Court. Based upon a review of the trial court docket and the timeline contained herein, it is abundantly clear that Respondent has not unduly delayed ruling on Relators' motion and, in fact, any delay in a ruling on the motion may be attributed to Relators having filed the present petition in this Court.

**{¶10}** Accordingly, Respondent's motion to dismiss is granted. Relator's petition for a writ of mandamus is dismissed. Costs taxed against Relators. Final Order. Clerk to serve notice upon the parties as provided by the Civil Rules.

DeGenaro, J., concurs.

Donofrio, J., concurs.

Waite, J., concurs.