[Cite as *State ex rel. Ball v. Tone*, 2021-Ohio-1780.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio, ex rel. Kevin Ball                    Court of Appeals No. L-21-1054

    Relator

v.

Judge Tygh M. Tone                                **DECISION AND JUDGMENT**

    Respondent                                    Decided:  May 21, 2021

* * * * *

Kevin Ball, pro se.

Gerhard R. Gross, Assistant Erie County Prosecuting Attorney,
for respondent.

* * * * *

**MAYLE, J.**

{¶ 1} In this original action, the relator, Kevin Ball, has filed a petition for a writ

of procedendo to compel the respondent, Judge Tygh Tone of the Erie County Court of

Common Pleas, to rule on a "Motion for Relief for Void Judgment" that relator filed in

his criminal case.  (*State v. Ball*, Erie County Court of Common Pleas case No.

2001 CR 388.)   Relator asserts that he filed the motion in the trial court on November 6,

2020, and that, as of the filing date of his petition in this case, respondent had yet to issue

a judgment.

{¶ 2} To be entitled to a writ of procedendo, relator must demonstrate "a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 7.

{¶ 3} The Supreme Court of Ohio has established that a court may take notice of a docket that is publicly available via the internet. *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 8, citing *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8 ("An event that causes a case to become moot may be proved by extrinsic evidence outside the record"). Our review of the electronic docket maintained by the Erie County Court of Common Pleas discloses that, on April 2, 2021, Judge Tone denied relator's motion. Accordingly, we find that relator's petition for writ of procedendo is moot. "A writ will not lie when the judge in the underlying case has already completed the judicial act or duty which is the subject matter of the petition." *State ex rel. Noble v. Vettel*, 11th Dist. Ashtabula No. 2004-A-079, 2005-Ohio-692, ¶ 5.

{¶ 4} We sua sponte dismiss relator's petition for a writ of procedendo. All pending motions are denied as moot. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

Petition dismissed.

Mark L. Pietrykowski, J. _____

                                 _____

                                                                    JUDGE

Christine E. Mayle, J. _____

                                 _____

Myron C. Duhart, J. _____
CONCUR.

                                                                      JUDGE

---

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.