[Cite as *State ex rel. Clark v. O'Donnell*, 2022-Ohio-1036.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Melvin Bernard Clark Junior, | : | |
| Relator, | : | No. 21AP-416 |
| v. | : | (REGULAR CALENDAR) |
| [Colleen O'Donnell] et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on March 29, 2022

**On brief:** *Melvin Bernard Clark Junior,* pro se.

**On brief:** *G. Gary Tyack,* Prosecuting Attorney, and *Anthony C. Chambers,* for respondents.

IN MANDAMUS
ON RESPONDENTS' MOTION TO DISMISS

BEATTY BLUNT, J.

{¶ 1}  Relator, Melvin Bernard Clark Junior, has filed this original action naming as respondents the following: State of Ohio, Franklin County, City of Columbus, Court of Common Pleas, Colleen O'Donnell, Dirk Russell, Travis Runyon, Daniel Panella, Jack Wong, and John P. Gripshover. Respondents O'Donnell, Wong, and Gripshover filed a motion to dismiss the complaint on September 17, 2021.

{¶ 2}  Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate.  The magistrate considered the motion to dismiss for failure to state a claim filed by respondents and issued a decision, including findings of fact and conclusions of law, which is appended hereto.  The magistrate concluded Clark failed to state a claim upon which relief may be granted pursuant to Civ.R. 12(B)(6) and was not entitled to the writ requested.  Specifically, the magistrate found that mandamus will

not compel the performance of a duty that has already been performed, and respondent O'Donnell had already issued entries disposing of Clark's motion and most of the affidavits for which Clark sought a writ. The magistrate further found that with regard to the other affidavit for which Clark sought a writ, Clark's mandamus complaint was filed prematurely under Sup.R. 40(A)(3). Accordingly, the magistrate recommended this court dismiss the action and deny Clark's request for a writ of mandamus.

{¶ 3}    No objections have been filed to the magistrate's decision.[1]

{¶ 4}    Upon review, we have found no error in the magistrate's finding of fact or conclusions of law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and the conclusions of law therein, and conclude that Clark failed to demonstrate he was entitled to a writ of mandamus. In accordance with the magistrate's decision, respondents' motion to dismiss is granted, this action is dismissed, and the requested writ of mandamus is denied.

*Motion to dismiss granted;
complaint dismissed.*

KLATT and MENTEL, JJ., concur.

_____

---

[1] On February 3, 2022, relator filed an application for reconsideration. This pleading was stricken from the docket by this court via journal entry dated February 8, 2022 as being an improper pleading. *See* Feb. 8, 2022 Journal Entry.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Melvin Bernard Clark Junior, | : | |
| Relator, | : | |
| v. | : | No.  21AP-416 |
| [Colleen O'Donnell] et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 8, 2021

*Melvin Bernard Clark Junior,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Anthony C. Chambers,* for respondents.

IN MANDAMUS
ON RESPONDENTS' MOTION TO DISMISS

{¶ 5}   Relator, Melvin Bernard Clark Junior, has filed this original action naming the following respondents: State of Ohio, Franklin County, City of Columbus, Court of Common Pleas, Colleen O'Donnell, Dirk Russell, Travis Runyon, Daniel Panella, Jack Wong, and John P. Gripshover. Respondents O'Donnell, Wong, and Gripshover have filed a September 17, 2021, motion to dismiss the complaint. Relator has also filed a September 1, 2021, affidavit of correction, injunction for relief, and motion for stay and seal.

Findings of Fact:

{¶ 6}  1. Relator is a criminal defendant in Franklin C.P. No. 20CR-4649. In that case, relator was indicted for improper handling of a firearm in a motor vehicle and carrying a concealed weapon. Relator pled not guilty, and the matter remains pending.

{¶ 7}  2. Respondent O'Donnell is a judge in the Franklin County Court of Common Pleas and the presiding judge in case No. 20CR-4649.

{¶ 8}  3. Respondents Wong and Gripshover are Franklin County assistant prosecutors. Gripshover appears to be one of the prosecutors currently assigned to case No. 20CR-4649.

{¶ 9}  4. Respondents State of Ohio, Franklin County, and City of Columbus are governmental entities.

{¶ 10}  5. Relator alleges that respondents Runyan, Panella, and Russell were "arresting officers."

{¶ 11}  6. On October 16 and 22, 2020, in case No. 20CR-4649, relator filed motions to dismiss.

{¶ 12}  7. On April 6 and 7, 2021, in case No. 20CR-4649, relator filed affidavits "to order and notice," in which he moved for summary judgment.

{¶ 13}  8. On May 29, 2021, in case No. 20CR-4649, relator filed an "affidavit for settlement and notice of default."

{¶ 14}  9. On June 12, 2021, in case No. 20CR-4649, respondent O'Donnell issued an entry, in which she denied the following: (1) relator's October 16 and 22, 2020, motions to dismiss; (2) relator's January 22, 2021, writ of discovery and motion to suppress; and (3) relator's April 6 and 7, 2021, affidavits demanding summary judgment.

{¶ 15}  10. On August 20, 2021, relator filed a complaint for writ of mandamus against respondents. Although the precise nature of the allegations in the complaint are somewhat unclear, he indicates that he has filed motions to dismiss case No. 20CR-4649, but the "motions have been denied and his affidavits remain unanswered." The complaint also lists assignments of error, in which he argues that respondent O'Donnell erred when she denied his motion to dismiss the charges against him, and the judge erred when she denied his "affidavit to order and notice" and "affidavit for settlement and notice of default." The complaint also raises violations of several provisions in the Ohio Revised Code and United States Code.

{¶ 16} 11. On September 1, 2021, in the present case, relator filed an affidavit of correction, injunction for relief, and motion for stay and seal.

{¶ 17} 12. On September 17, 2021, respondents O'Donnell, Wong, and Gripshover filed a motion to dismiss relator's mandamus complaint.

{¶ 18} 13. On November 9, 2021, respondent O'Donnell entered a criminal case processing sheet in case No. 20CR-4649, which vacated the November 8, 2021, trial date, pending a decision on the present mandamus complaint.

Conclusions of Law:

{¶ 19} The magistrate recommends that this court grant respondents' motion to dismiss this action.

{¶ 20} For a writ of mandamus to issue, the relator must demonstrate: (1) a clear legal right to the relief requested; (2) the respondent is under a clear legal duty to perform the requested act; and (3) the relator has no plain and adequate remedy at law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 21} A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *T & M Machines, LLC* at ¶ 10, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 22} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining

a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet). In addition, courts may take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580-81 (1996); *Draughon* at ¶ 26 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment).

{¶ 23} "[M]andamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303 (2003). Sup.R. 40(A)(3) imposes on trial courts a duty to rule on motions within 120 days. Although the Rules of Superintendence do not provide litigants with a right to enforce Sup.R. 40, the rule does guide courts in determining whether a trial court has unduly delayed ruling on a motion for purposes of ruling on a request for an extraordinary writ. *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, ¶ 11. A court that takes more than 120 days to rule on a motion risks unduly delaying the case and that a higher court may issue a writ of mandamus to compel a ruling. *Id.*

{¶ 24} Mandamus will not compel the performance of a duty that has already been performed. *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000), citing *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253 (1998).

{¶ 25} In the present case, respondents argue in their motion to dismiss that respondent O'Donnell has already ruled on and denied relator's motions to dismiss and addressed several of his affidavits; thus, mandamus will not lie. In a June 12, 2021, entry, respondent O'Donnell denied the following: (1) relator's October 16 and October 22, 2020, motions to dismiss; (2) relator's January 22, 2021, writ of discovery and motion to suppress; and (3) relator's April 6 and 7, 2021, affidavits "to order and notice" demanding summary judgment. One of the affidavits specifically mentioned in relator's mandamus complaint, the "affidavit to order and notice," appears to be the identical April 6 and 7, 2021, affidavits "to order and notice" denied by respondent O'Donnell in the June 12, 2021, entry. Therefore, insofar as relator's arguments in his present mandamus complaint relate to the motions and affidavits addressed in the June 12, 2021, entry, these arguments are not well taken, because respondent O'Donnell has already issued entries disposing of them,

and mandamus will not compel the performance of a duty that has already been performed. *See Kreps* at 318. Furthermore, with regard to the other affidavit specifically mentioned by relator in his mandamus complaint, the "affidavit for settlement and notice of default," this may refer to a May 29, 2021, filing with the same title. However, assuming arguendo that this "affidavit for settlement and notice of default" is a "motion," relator filed his mandamus complaint on August 20, 2021, which is only 82 days after the filing of the "affidavit for settlement and notice of default." Therefore, relator filed his mandamus complaint well before the 120-day deadline imposed by Sup.R. 40(A)(3), rendering his mandamus complaint premature. Relator's mandamus complaint does not direct the magistrate to any other specific action or inaction by any of the respondents that would be subject to mandamus relief.

**{¶ 26}** Accordingly, it is the magistrate's decision that this court should grant the motion to dismiss filed by O'Donnell, Wong, and Gripshover and dismiss relator's complaint for writ of mandamus as to all named respondents. The magistrate further recommends that this court deny as moot relator's September 1, 2021, affidavit of correction, injunction for relief, and motion for stay and seal.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).