[Cite as *State ex rel. Bey v. McGookey*, 2026-Ohio-1685.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| State ex rel. Bobbie Bey | Court of Appeals No. E-26-022 |
| Relator | |
| v. | |
| Hon. Beverly K. McGookey | **DECISION AND JUDGMENT** |
| Respondent | Decided:  May 8, 2026 |

* * * * *

**SULEK, J.**

{¶ 1} This matter is before the court on the petition of relator Bobbie Bey for a writ of procedendo compelling respondent Hon. Beverly K. McGookey to rule on several pending motions in the underlying case No. 2025 CR 0536.  Because Bey obviously cannot prevail on the facts alleged, this petition is sua sponte dismissed.

**I. Factual Background and Procedural History**

{¶ 2} As taken from the trial court's docket attached to Bey's petition, on December 9, 2025, the Erie County Grand Jury indicted Bey on one count of obstructing justice, a felony of the fifth degree.

{¶ 3} Shortly thereafter, Bey began filing several motions. Relevant here are (1) a December 12, 2025 "Motion to Suppress Arrest, Custodial Statements, Booking Data, and All Fruits of the Unlawful Detention;" (2) a January 6, 2026 "Motion for Probable Cause Hearing and Judicial Review of Arrest;" (3) a January 6, 2026 "Motion to Stay Proceedings Pending Resolution of Suppression and Discovery;" (4) a February 5, 2026 "Updated Motion to Compel Discovery Compliance, Enforce Demand for Bill of Particulars, and Preserve Evidence;" and (5) a April 1, 2026 "Notice of Material Inconsistency Regarding State's Bill of Particulars Filings and Request for Record Clarification."

{¶ 4} Bey was arraigned on January 7, 2026, wherein she entered a not guilty plea.

{¶ 5} On February 27, 2026, the State filed its response to Bey's December 12, 2025 motion to suppress, her January 6, 2026 motion to stay, and her February 5, 2026 motion to compel.

{¶ 6} Thereafter, on March 9, 2026, Bey filed a "Supplemental Memorandum in Support of Motion to Suppress and Request for Docket Correction/Clarification of Record."

{¶ 7} Bey asserts that her motions have not been ruled upon by the trial court.

## II. Analysis

{¶ 8} Bey seeks a writ of procedendo compelling the trial court to rule on her outstanding motions. "A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Culgan v. Collier*, 2013-Ohio-1762, ¶ 7. To be entitled to a writ of procedendo, Bey must show "a

2.

clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law." *Id.*

{¶ 9} Bey cites Sup.R. 40(A)(3), which provides that "All motions shall be ruled upon within one hundred twenty days from the date the motion was filed, except as otherwise noted on the report forms." Sup.R. 40(A)(3), however, "does not give rise to an enforceable right in mandamus or procedendo." *State ex rel. Quinn v. Rastatter*, 2026-Ohio-1208, ¶ 12, quoting *Culgan* at ¶ 8. "[B]ut 'the rule does guide this court in determining whether a trial court has unduly delayed ruling on a motion for purposes of ruling on a request for an extraordinary writ.'" *Id.*, quoting *Culgan* at ¶ 11.

{¶ 10} Here, of Bey's list of five pending motions, only her motion to suppress has been filed for more than 120 days. She recently supplemented that motion, however, on March 9, 2026. There is, therefore, no set of facts on which this court could conclude that the trial court has unduly delayed ruling on Bey's motions.

{¶ 11} Accordingly, Bey cannot prevail on her petition and it is hereby sua sponte dismissed. *See State ex rel. Dodson v. Phipps*, 2024-Ohio-4928, ¶ 12, quoting *State ex rel. Scott v. Cleveland*, 2006-Ohio-6573, ¶ 14 ("A court of appeals may sua sponte dismiss a claim if it 'is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.'").

{¶ 12} Any costs of this action are assessed to Bey.

{¶ 13} The clerk is directed to serve upon the parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

3.

*State ex rel. Bobbie Bey, Relator v. Hon. Beverly K. Mcgookey, Respondent*
*Case No.: E-26-022*


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See also 6th Dist.Loc.App.R. 4.


| | |
|---|---|
| Gene A. Zmuda, J. | |
| | JUDGE |
| Myron C. Duhart, J. | |
| | JUDGE |
| Charles E. Sulek, J. | |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.