THE STATE EX REL. RADEMACHER, APPELLANT, *v.* MARRIOTT
INTERNATIONAL, INC. ET AL., APPELLEES.

[Cite as *State ex rel. Rademacher v. Marriott Internatl.,
Inc.,* 101 Ohio St.3d 390, 2004-Ohio-1672.]

(No. 2003–1108—Submitted March 15, 2004—Decided April 14, 2004.)

**Per Curiam.**

{¶ 1} Appellant-claimant Gina M. Rademacher suffered a work-related injury on July 1, 1996, and a workers' compensation claim was allowed. Claimant had surgery for one of the allowed conditions in November 1996. On December 18, 1996, appellee-employer Marriott International, Inc. wrote a letter to claimant's doctor. In it, Marriott addressed the possibility of claimant returning to work:

{¶ 2} "* * * By the time of her appointment next week, Ms. Rademacher will be six weeks post-op for her knee and we would like to address the issue of her possibly returning to a transitional duty position.

{¶ 3} "Marriott is very proactive in returning their associates to work after a work related accident. We are able to modify an injured associate's present job duties, or to create a new job that will be within a doctor's approved restrictions. We have been very successful with this approach and ask for your opinion on whether Ms. Rademacher can return to work in a light duty capacity.

{¶ 4} "* * *

{¶ 5} "* * * [W]e will willing[ly] accommodate any restrictions that are placed on Ms. Rademacher."

{¶ 6} It is unclear whether claimant's attending physician, Dr. Edward J. Berghausen, answered this letter. It does appear that he notified Marriott that claimant needed surgery for another allowed condition, but that it was being postponed due to her pregnancy. Marriott wrote to Dr. Berghausen again on January 22, 1997, repeating its request for information regarding claimant's work restrictions and the possibility of her performing light-duty work.

{¶ 7} A C–84 Physician's Report indicates that Dr. Berghausen examined claimant on February 10, 1997. On that date, he released claimant to light-duty

work with the limitation that she not lift objects over 20 pounds and limit her kneeling, bending, and climbing to one hour per day. Claimant does not deny that she was told of her release and restrictions at that time.

{¶ 8} The following day, February 11, 1997, claimant called Chuck Butler, operations director for Marriott. She told him that she had moved out of state because of a new employment opportunity for her husband and that she was, therefore, resigning effective immediately. Marriott received Dr. Berghausen's completed work-release form a few days later.

{¶ 9} In 1998, claimant moved for temporary total disability compensation ("TTC") for three periods: (1) May 4, 1997, through July 6, 1997, (2) October 17, 1997, through November 29, 1997, and (3) December 30, 1997, through August 1, 1998. Appellee Industrial Commission of Ohio denied her request for compensation after finding that claimant had voluntarily abandoned her position of employment at Marriott on February 11, 1997. Claimant did not appeal that denial.

{¶ 10} In August 2000, this court released its decision in *State ex rel. Baker v. Indus. Comm.* (2000), 89 Ohio St.3d 376, 732 N.E.2d 355. *Baker* dramatically changed workers' compensation law by declaring that a claimant who voluntarily left his or her position of employment for a new position was no longer foreclosed from TTC if the claimant subsequently reaggravated the injury while working at his or her new job. Presumably, this decision prompted claimant to again move for TTC, this time covering the period August 2, 1998, through August 24, 2000.

{¶ 11} TTC was again refused. The commission reiterated that claimant had voluntarily abandoned her position of employment.

{¶ 12} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying TTC. The court of appeals disagreed, concurring in the commission's characterization of claimant's departure from Marriott as a voluntary abandonment of her position of employment. Moreover, the court held that because claimant had not worked after leaving Marriott, *Baker* did not apply.

{¶ 13} This cause is now before this court upon an appeal as of right.

{¶ 14} Contrary to claimant's representation, the issue before us is not the characterization of claimant's separation from Marriott as voluntary or involuntary. That issue is res judicata, having been resolved by the commission when claimant filed for TTC in 1998. Instead, the only matter before us is whether *Baker* applies. We find that it does not.

{¶ 15} *Baker* preserves TTC eligibility following a voluntary departure from a position of employment only when the claimant left the position to accept a new job and then reaggravates the injury while working at his or her new job. In this

case, claimant was not employed during the period for which she moved for TTC. *Baker* does not, therefore, apply, eliminating any TTC entitlement for the requested period.

{¶ 16} The judgment of the court of appeals is hereby affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

_____

Weisser & Wolfe and Lisa M. Clark, for appellant.

Squire, Sanders & Dempsey, L.L.P., and Michael Soto, for appellee Marriott International, Inc.

Jim Petro, Attorney General, and William J. McDonald, Assistant Attorney General, for appellee Industrial Commission.