JOURNAL ENTRY AND OPINION
{¶ 1} Timothy M. Nash has filed a complaint for a writ of mandamus. Nash seeks an order from this court which requires Judge Timothy J. McGinty to grant a motion to withdraw a plea of guilty as filed in State v. Nash, Cuyahoga County Court of Common Pleas Case No. CR-444014. Sua sponte, we dismiss Nash's complaint for a writ of mandamus.
 {¶ 2} Initially, we find that Nash's complaint for a writ of mandamus is defective since it is improperly captioned. A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. The failure of Nash to properly caption his complaint for a writ of mandamus warrants dismissal. Maloney v. Court of Common Pleas of AllenCty. (1962), 173 Ohio St. 226, 181 N.E.2d 270; Dunning v.Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763. Anderson has also failed to comply with R.C. 2969.25 which requires the attachment of an affidavit to the complaint for a writ of mandamus that describes each civil action or appeal filed by Anderson within the previous five years in any state or federal court. Anderson's failure to comply with R.C. 2969.25 warrants the dismissal of the complaint for a writ of mandamus. State exrel. Zanders v. Ohio Parole Bd., 82 Ohio St.3d 421,1998-Ohio-218, 696 N.E.2d 594; Alford v. Winters,80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242. It must also be noted that Nash has failed to comply with Loc.App.R. 45(B)(1)(a) which mandates that the complaint must be supported by an affidavit which specifies the details of the claim. The failure of Nash to comply with the supporting affidavit requirement of Loc.App.R. 45(B)(1)(a) requires dismissal of the complaint for a writ of mandamus. State ex rel. Smith v. McMonagle (Jul 17, 1996), Cuyahoga App. No. 70899; State ex rel. Wilson v. Calabrese
(Jan. 18, 1996), Cuyahoga App. NO. 70077. Finally, a review of the docket in State v. Nash, supra, fails to disclose that Nash filed a motion to withdraw his plea of guilty. Thus, Judge McGinty possesses no duty to issue a ruling with regard to a non-existent motion to withdraw plea of guilty. Cf. State exrel. Jerningham v. Cuyahoga Cty. Court of Common Pleas (1996),74 Ohio St.3d 278, 1996-Ohio-117, 658 N.E.2d 723; State ex rel.Gantt v. Coleman (1983), 6 Ohio St.3d 5, 450 N.E.2d 1163.
 {¶ 3} Accordingly, we dismiss Nash's complaint for a writ of mandamus. Costs to Nash. It is further ordered that the Clerk of the Eighth District Court of Appeals serve copies of this judgment upon all parties as required by Civ.R. 58(B).
 {¶ 4} The complaint is dismissed.
Complaint dismissed.
Corrigan, A.J., and Karpinski, J., concur.