ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Timothy M. Nash has filed a complaint for a writ of mandamus seeking an order from this court which requires the retraction of the plea of his guilty plea to drug possession (R.C. 2925.11) and the revocation of the sentence of incarceration imposed in State v. Nash, Cuyahoga County Court of Common Pleas Case No. CR-444014. The respondents, Judge Timothy McGinty, the Cuyahoga County Prosecutor, and the City of Cleveland Police Dept., moved for summary judgment under Civ.R. 56(C) which we grant.
 {¶ 2} For a writ of mandamus to issue, Nash must demonstrate that: 1) he possesses a clear legal right which requires the retraction of his plea of guilty and a vacation of the sentence imposed; 2) Judge McGinty, the Cuyahoga County Prosecutor, and the City of Cleveland Police Dept. possess a legal duty that requires the retraction of the plea of guilty and the vacation of the imposed sentence; and 3) there exists no adequate remedy in the ordinary course of the law.[1]
 {¶ 3} Nash has failed to establish that he possesses a clear legal right or the respondents possess any legal duty for what he seeks. More importantly, Nash has availed himself of an adequate remedy at law through an appeal that is presently pending in this court.[2] See State v. Nash, Cuyahoga App. No. 84044 which is currently pending and awaiting argument. Nash is not entitled to a writ of mandamus.
 {¶ 4} It must also be noted that Nash, through three earlier original actions filed with this court, has attempted to withdraw his guilty plea and vacate his sentence of incarceration.[3] Therefore, the doctrine of res judicata bars him from filing the present complaint for a writ of mandamus.[4]
 {¶ 5} Finally, Nash has filed more than twenty original actions or appeals, pro se, in the Eighth District Court of Appeals since November 1997. Without determining whether the filing of more than twenty actions in this court constitutes conduct attributable to a vexatious litigator as defined in R.C.2323.52, we find that Nash has indeed misused his in forma pauperis status. We, therefore, revoke Nash's in forma pauperis status and instruct the Clerk of the Eighth District Court of Appeals to refuse any pro se original action complaint/petition from Timothy M. Nash unless accompanied by the $125 cost deposit required by Loc.App.R. 3(A).[5]
 {¶ 6} We grant the motions for summary judgment filed by Judge McGinty, the Cuyahoga County Prosecutor, and the City of Cleveland Police Dept. Costs to Nash. It is further ordered that the Clerk of the Eighth District Court of Appeals shall serve notice of this judgment upon all parties as mandated by Civ.R. 58(B).
Writ denied.
Cooney, J., Rocco, J., Concurs.
[1] State ex rel Jerningham v. Cuyahoga County Court of CommonPleas, 74 Ohio St.3d 278, 1996-Ohio-117, 658 N.E.2d 723; Stateex rel. Gantt v. Coleman (1983), 6 Ohio St.3d 5,450 N.E.2d 1163.
[2] State ex rel. Hastings Mut. Ins. Co. V. Merillat (1990),50 Ohio St.3d 152, 553 N.E.2d 646; State ex rel. Rhodes v. VanBrocklin (1988), 36 Ohio St.3d 236, 522 N.E.2d 1088.
[3] See Nash v. Mason, Cuyahoga App. No. 84250, 2004-Ohio-1686; Nash v. Judge McGinty (March 18, 2004), Cuyahoga App. No. 84272; Nash v. Judge McGinty, Cuyahoga App. No. 84348, 2004-Ohio-2542.
[4] State ex rel. Rademacher v. Marriott Int'l, Inc.,101 Ohio St.3d 390, 2004-Ohio-1672, 805 N.E.2d 1102; State ex rel.White v. Suster, 101 Ohio St.3d 211, 2004-Ohio-719,803 N.E.2d 813.
[5] State ex rel. Richard v. Cuyahoga Cty. Bd. Of Commrs.
(1995), 100 Ohio App.3d 592, 654 N.E.2d 443; State ex rel.Bristow v. The Plain Dealer, et al (Dec. 6, 2001), Cuyahoga App. No. 80462.