OPINION AND JOURNAL ENTRY
{¶ 1} On December 29, 2005, pro-se Relator Samuel L. Buoscio, filed a Petition for Writ of Mandamus seeking an order to compel Respondent to dismiss a certain judgment entry of November 11, 2005. The referenced entry of November 11, 2005, recognizes that Relator has been declared a vexatious litigator by a Franklin County Common Pleas Court and that even though Relator requested leave from the Franklin County Common Pleas Court to file the action with Respondent, there is no entry granting Relator that relief.
 {¶ 2} In the memorandum supporting his Petition, Relator indicates prior leave of court has been filed in Franklin County Common Pleas Court. Relator does not indicate that leave has been granted, instead he insists that all that is required is that leave being filed. Specifically, he contends that nothing in the language of R.C. 2323.52 (statute on Vexatious Litigators) requires leave to be granted.
 {¶ 3} Relator's argument is incorrect. R.C. 2323.52 requires leave to be granted by the court that declared Relator a vexatious litigator. It is not sufficient that Relator requested leave. Rather he must obtain an entry granting him permission to file the action in Respondent's court. As the Respondent adequately explained,
 {¶ 4} "Pursuant to Section 2303.08 of the Ohio Revised code, `the Clerk may refuse to accept any pleading or paper submitted for filing by a person who has been found to be a vexatious litigator under Section 2323.52 of the Revised Code and who has failed to obtain leave to proceed under that section.'
 {¶ 5} "Mr. Buoscio has submitted a filing he made to the Franklin County Common Pleas Court entitled Prior Leave of Court, in Case Number 03-CVH-12-13184, but has not submitted an Entry from that Court granting Mr. Buoscio leave to file any further pleadings." (November 14, 2005 J.E).
 {¶ 6} Accordingly, the complaint was unsupported by the alleged documentation which would demonstrate a colorable claim to relief. Thus, it was deficient on its face and as such was subject to sua sponte dismissal. Nash v. McGinty, 8th Dist. No. 84348, 2004-Ohio-2542.
 {¶ 7} Mandamus will be granted only upon a showing that the Relator is clearly entitled to relief, that the Respondent is not performing a duty imposed by law and that there is no other adequate remedy at law. State ex rel. Hodges v. Taft (1992),64 Ohio St.3d 1.
 {¶ 8} Petition for Writ of Mandamus is dismissed for failing to state facts warranting relief. Costs of this action taxed against Relator.
 {¶ 9} Final order. Clerk to serve notice as provided by the civil rules.
Vukovich, J., concurs.
Waite, J., concurs.
Reader, J., concurs.