OPINION AND JOURNAL ENTRY
{¶ 1} Pro-se petition for writ of mandamus has been filed seeking an order to compel Respondent, a Mahoning County Common Pleas Court judge, to rule on his motion to dismiss a vexatious litigator designation previously issued by that court. In response, the Respondent points to the record and a judgment of February 23, 2004 wherein the trial court issued an order dismissing Relator's complaint on his motion, as well as dismissing the counterclaim seeking Relator's designation as a vexatious litigator. Based on such judgment, Respondent's counsel argues that this complaint fails to state a claim upon which relief could be granted.
 {¶ 2} A brief history of the underlying case is instructive.
 {¶ 3} On November 9, 2000, the trial court in Common Pleas Case No. 98-CV-2091 issued an order specifically declaring Relator to be a vexatious litigator. This order was a clarification of an earlier June 6, 2000 judgment granting a counterclaim filed by the defendant in that case.
 {¶ 4} Subsequently, a visiting panel for the Seventh District Court of Appeals reversed both trial court orders and remanded the case. (Appeals Case No. 2000CA138-final judgment entered February 14, 2003). Based on this Court's ruling in Appeals Case No. 2000CA138 Relator eventually filed to have the vexatious litigator designation removed. (Motion filed March 15, 2004). However, said motion was filed several weeks after the Common Pleas Court final judgment of February 26, 2004, dismissing the complaint and the counterclaim.
 {¶ 5} Mandamus will be granted only upon a showing that the Relator is clearly entitled to relief, that the Respondent is not performing a duty imposed by law and that there is no other adequate remedy at law. State ex rel. Hodges v. Taft (1992),64 Ohio St.3d 1.
 {¶ 6} In the underlying Common Pleas Court case (98-CV-2091), the docket record shows that the counterclaim (seeking vexatious litigator status) was voluntarily dismissed. Consequently, there is no relief which this Court could provide by this action since the vexatious litigator designation was not only reversed by this Court in its decision of February 14, 2003 (Appeals Case No. 2000CA138), but was also voluntarily withdrawn by the order of February 23, 2004, in Common Pleas Case No. 98CV2091. This petition for writ of mandamus is therefore moot and it fails to state a claim upon which relief could be granted.[1]
 {¶ 7} Relator has also filed what appears to be a writ of habeas corpus ad prosequendum, which is a request for a writ to bring a prisoner before a court to prosecute in a jurisdiction other than where he is imprisoned. See Petition of Brown
(1990), 49 Ohio St.3d 222, 551 N.E.2d 954. Relator fails to allege any set of facts regarding a prosecution in another jurisdiction, and thus, there is no basis for granting such a writ.
 {¶ 8} We also note that Respondent, in its motion to dismiss, has identified several cases that Relator has failed to list in his affidavit of prior civil actions. Failure to list all civil actions filed within five years is grounds for dismissal of the action. State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285, 685 N.E.2d, 1242. Strict compliance with R.C. 2969.24(A) is required for this Court to even consider an action brought by an inmate.
 {¶ 9} Respondent notes that Relator has once again failed to provide the statutorily required information with his affidavit of indigency. R.C. 2969.25(C) requires an inmate to provide a certified statement of the balance in his inmate account for each of the preceding six months, and a statement setting forth other cash and things of value owned by the inmate. We have previously explained this requirement to Relator, and notified him that his filings are subject to dismissal for failure to adhere to the statutory requirements. State ex rel. Buoscio v. Evans, 7th Dist. No. 03 MA 43, 2004-Ohio-192.
 {¶ 10} Respondent's motion to dismiss this joint petition in mandamus and writ of habeas corpus ad prosequendum is sustained. Petition dismissed.
 {¶ 11} Costs taxed against Relator.
Final order. Clerk to serve notice as provided by the civil rules.
Vukovich, J., concurs.
Waite, J., concurs.
Reader, J., concurs.
[1] We do note that this Court has recognized that Relator herein has been adjudicated a vexatious litigator by a Franklin County Common Pleas Court judge in Case No. 03-CVH-12-13184. That designation is not at issue in this action. See State ex rel.Buoscio v. Maloney, Judge, 7th Dist. 05MA232, 2006-Ohio-2191;State ex rel. Buoscio v. Cronin, Judge, 7th Dist. 05MA212,2006-Ohio-2190.