[Cite as *State ex. rel Brown v. Krichbaum*, 2011-Ohio-2002.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex rel. | ) | CASE NO. 11 MA 44 |
| JAMES EDWARD BROWN | ) | |
| | ) | |
| RELATOR | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| JUDGE R. SCOTT KRICHBAUM | ) | |
| | ) | |
| RESPONDENT | ) | |

CHARACTER OF PROCEEDINGS:     Petition for Mandamus.

JUDGMENT:     Petition Dismissed.

APPEARANCES:

For Relator:

James Edward Brown, Pro se
#153-044
Chillicothe Correctional Institution
15802 State Route 104 North
P.O. Box 5500
Chillicothe, Ohio  45601

For Respondent:

Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  April 22, 2011

PER CURIAM.

{1} Relator James Edward Brown has filed a petition for writ of mandamus in order to challenge his conviction and sentence in an unspecified case originating in the Mahoning County Court of Common Pleas. Relator alleges that he was mistakenly identified as the perpetrator of the crimes when, in fact, it was a different man named "James Brown" who was the actual culprit. The state has filed an answer and a Civ.R. 12(C) motion for judgment on the pleadings. In addition to containing a number of procedural defects, the mandamus petition fails to state a cause of action for which relief in mandamus may be rendered. For these reasons, and those that follow, we hereby dismiss Relator's petition.

{2} A writ of mandamus is defined as, "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. A writ of mandamus may be granted if the court finds that the relator: (1) has a clear legal right to the relief requested; (2) respondent is under a clear legal duty to perform the requested act; and (3) that relator has no plain and adequate remedy at law. *State ex rel. Rogers v. Taft* (1992), 64 Ohio St.3d 193, 594 N.E.2d 576; *State ex rel. Hodges v. Taft* (1992), 64 Ohio St.3d 1, 3, 591 N.E.2d 1186.

{3} A writ of mandamus is an extraordinary remedy issued "only in cases of extreme necessity, because of the absence or inadequacy of other remedies * * *." *State ex rel. Utility Workers Union of America, AFL-CIO Local 349 v. Macelwane* (1961), 116 Ohio App. 183, 191, 187 N.E.2d 901. A relator who seeks such a writ

has the burden to establish a right to mandamus. *State ex rel. Fant v. Sykes* (1986), 28 Ohio St.3d 90, 91, 28 OBR 185, 502 N.E.2d 597.

**{4}** Mandamus is not a substitute for appeal. *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 57, 63 O.O.2d 88, 295 N.E.2d 659. Thus, mandamus does not lie to correct errors and procedural irregularities that may occur during the course of a case. *State ex rel. Jerninghan v. Gaughan* (Sept. 26, 1994), 8th Dist. No. 67787. Further, if the relator had an adequate remedy at law, regardless whether that remedy was sought, relief in mandamus is precluded. *State ex rel. Tran v. McGrath* (1997), 78 Ohio St.3d 45, 676 N.E.2d 108. The right to a direct appeal is an adequate remedy at law. *State ex rel. Dix v. McAllister* (1998), 81 Ohio St.3d 107, 108, 689 N.E.2d 561.

**{5}** We must initially point out that Relator's petition fails because it does not meet the statutory requirements for a writ of mandamus as set forth in R.C. 2731.04. This statute requires that the petition must be filed in the name of the state and not in the name of the party requesting relief. *Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382; *Maloney v. Court of Common Pleas of Allen Cty.* (1962), 173 Ohio St. 226, 227, 19 O.O.2d 45, 181 N.E.2d 270. Relator's petition is not filed in the name of the state. R.C. 2731.04 also requires that the allegations in the petition must be verified by affidavit. Relator failed to file such an affidavit. Procedural failures in filing the petition are sufficient grounds for dismissal. *Griffin v. State of Ohio*, 7th Dist., No. 03 MA 221, 2004-Ohio-4993.

{6}     R.C. 2969.25(C)(1) requires an inmate who attempts to commence a civil action against a government entity or employee to provide a certified statement of the balance in his inmate account for each of the preceding six months, and a statement setting forth other cash and valuables owned by the inmate. An inmate's filing of a petition for writ of mandamus is subject to dismissal for failure to adhere to this statutory requirement. *State ex rel. Buoscio v. Cronin*, 7th Dist. No. 05-MA-17, 2006-Ohio-5266, ¶9.

{7}     Respondent has filed a motion for judgment on the pleadings, citing the procedural defects listed above. A Civ.R. 12(C) motion for judgment on the pleadings is designed to review the pleadings, and only the pleadings, on matters of law. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 166, 297 N.E.2d 113. Dismissal under Civ.R. 12(C) is appropriate, "where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931. It is obvious that these pleadings do not meet the procedural requirements for filing a petition for writ of mandamus, and we hereby sustain Respondent's motion.

{8}     Respondent has also asserted that the petition for writ of mandamus fails to state a justiciable claim for relief. A Civ.R. 12(B)(6) motion seeking dismissal for failure to state a claim is a procedural motion to test the sufficiency of the

complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. Id. " 'A complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.' " Id., quoting *State ex rel. Alford v. Willoughby* (1979), 58 Ohio St.2d 221, 224, 12 O.O.3d 229, 390 N.E.2d 782.

**{9}** A court will dismiss a complaint for failure to state a claim upon which relief can be granted if it appears beyond doubt from the complaint that the relator can prove no set of facts entitling him to recovery. *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St.2d 242, 327 N.E.2d 753.

**{10}** Relator has not alleged any legal right to relief, any duty imposed on any person or tribunal that must legally be performed, or even what specific error allegedly occurred in the vaguely referenced Mahoning County criminal proceeding. As far as we can tell, Appellant claims to be caught in a case of mistaken identity because he has a very common name, i.e., James Brown. If there had been an issue regarding the proper identity of the defendant in a criminal matter involving the Relator, this could easily have been dealt with at the trial level or in direct appeal of the conviction and sentence in the criminal case. Mistaken identity is often dealt with in the direct appeal of criminal convictions. See, e.g., *State v. Monford*, 190 Ohio App.3d 35, 2010-Ohio-4732, 940 N.E.2d 634; *State v. Baker* (1996), 111 Ohio

App.3d 313, 676 N.E.2d 143. We cannot conceive of any valid mandamus relief that might arise from Relator's petition. Therefore, we also grant Respondent's Civ.R. 12(B)(6) motion to dismiss for failure to state a justiciable cause of action.

{11} For the foregoing reasons, we dismiss this petition for writ of mandamus.

{12} Costs taxed against Relator. Final order. Clerk to serve notice as provided by the Civil Rules.

Waite, P.J., concurs.

Donofrio, J., concurs.

DeGenaro, J., concurs.