THE STATE EX REL. BROWN, APPELLANT, *v.* LOGAN, JUDGE, APPELLEE.

[Cite as *State ex rel. Brown v. Logan,* **138 Ohio St.3d 286, 2014-Ohio-769.**]

*Portion of court of appeals' judgment dismissing complaint for writ of mandamus and/or procedendo affirmed—Portion of court of appeals' judgment revoking in forma pauperis privileges reversed.*

(No. 2013-0859—Submitted October 22, 2013—Decided March 5, 2014.)

APPEAL from the Court of Appeals for Trumbull County, No. 2012-T-0099.

————————————

**Per Curiam.**

{¶ 1} Appellant, Felix Brown Jr., brought an original action for a writ of mandamus and/or procedendo in the Eleventh District Court of Appeals seeking to compel Trumbull County Common Pleas Court Judge Andrew D. Logan to rule on a motion for leave to amend a prior motion for relief from judgment. The court of appeals denied the petition as moot. The court of appeals also sua sponte revoked Brown's in forma pauperis privileges for filing a frivolous action.

{¶ 2} For the reasons set forth below, we affirm the judgment of the court of appeals in part and reverse it in part.

**Background**

{¶ 3} In September 1995, a Trumbull County jury convicted Brown of murder. *See State v. Brown*, 11th Dist. Trumbull Nos. 95-T-5349 and 98-T-0061, 2000 WL 522339 (Mar. 31, 2000). The trial court sentenced Brown to serve a prison term of 18 years to life.

{¶ 4} Sixteen years later, on August 25, 2011, Brown filed an omnibus motion in the trial court, citing Civ.R. 60(B)(4) and 60(B)(5) and Rule 47 of the Trumbull County Local Rules. On September 20, 2011, Brown filed a Civ.R.

15(A) motion for leave to amend his omnibus motion to add two additional claims for relief.

{¶ 5} On the same day, September 20, 2011, the trial court denied the omnibus motion and ordered Brown to complete his original sentence. The decision did not mention Brown's motion for leave to amend.

{¶ 6} Brown appealed to the Eleventh District Court of Appeals. The court of appeals issued a judgment entry on June 8, 2012, in which it remanded the case to the trial court for a ruling on the September 20, 2011 motion for leave to amend. *State v. Brown*, 11th Dist. Trumbull No. 2011-T-0101 (June 8, 2012). Unfortunately, the appellate court's entry contained an error. The court of appeals wrote, "[I]t is ordered that this case be remanded to the trial court for a period of twenty days from the date of this judgment entry so that it can rule upon appellant's *motion to withdraw his guilty plea*." (Emphasis added.) *Id*. Brown had never entered a guilty plea, much less filed a motion to withdraw a guilty plea.

{¶ 7} The court of appeals quickly realized its mistake. On June 13, 2012, the appellate court vacated the first entry and sua sponte substituted a second entry nunc pro tunc for the vacated judgment entry. *State v. Brown*, 11th Dist. Trumbull No. 2011-T-0101 (June 13, 2012). The nunc pro tunc entry correctly remanded the case, again for a period of 20 days, for the trial court to rule on the motion for leave to amend.

{¶ 8} Also on June 13, 2012, the trial court, apparently unaware of the nunc pro tunc entry, proceeded to enter judgment pursuant to the first remand order. The trial court noted that the matter had been remanded for a ruling on Brown's motion to withdraw his guilty plea. "However," the trial court stated, "the Court ruled on that motion on September 19, 2011" when it denied the omnibus motion in its entirety. *Id*. Thus, the trial court evidently overlooked the fact that the omnibus motion did not include a motion to withdraw a guilty plea.

2

**{¶ 9}** Nevertheless, even though the original court of appeals' judgment contained an error, the trial court correctly recognized that the motion was still pending and proceeded to rule on it. Specifically, the trial court's June 13, 2012 judgment entry denied the motion for leave to amend, stating:

> The Court finds the motion to amend is a nullity and is therefore not well taken. The Court had previously denied Brown's motion to vacate on September 19, 2011. Therefore, Brown's motion to amend on September 20, 2011 is a legal nullity as the subject of amendment had been previously denied.

*State v. Brown*, Trumbull C.P. No. 1995 CR 00127 (June 13, 2012).

**{¶ 10}** Brown responded by filing two successive petitions for writs of mandamus and/or procedendo in the Eleventh District Court of Appeals to compel the trial court to rule on his motion for leave to amend. He filed the first request under the case caption of his direct appeal, rather than as a separate original action. For this reason, the court of appeals dismissed the first petition as procedurally defective. *State v. Brown*, 11th Dist. Trumbull No. 2011-T-0101 (Sept. 12, 2012). In the same judgment entry, the appellate court wrote that the request was moot because the trial court *did* rule on the motion for leave in its June 13, 2012 judgment entry.

**{¶ 11}** Guided by the first dismissal, Brown refiled his petition for a writ of mandamus and/or procedendo as an original action. The appellate court dismissed the second petition as moot. *State ex rel. Brown v. Logan*, 11th Dist. Trumbull No. 2012-T-0099 (May 6, 2013). In addition, the court of appeals revoked Brown's in forma pauperis privileges due to Brown's "repetitious and frivolous conduct." *Id*. at 3.

**{¶ 12}** Brown timely appealed that judgment to this court.

**Analysis**

{¶ 13} For a writ of procedendo to issue, Brown must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 7. A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995).

{¶ 14} Brown argues that the appellate court erred when it held that the trial court had already ruled on his motion for leave to amend. According to Brown, the first remand from the court of appeals conferred limited jurisdiction upon the trial court, that is, jurisdiction to rule only upon the nonexistent motion to withdraw a guilty plea. So when the trial court ruled on the motion to amend, it exceeded its limited mandate, and therefore, the June 13, 2012 trial court judgment entry was void.

{¶ 15} According to Brown, the trial court did not regain jurisdiction to decide the motion for leave to amend until the appellate court entered its nunc pro tunc entry on June 13, 2012, and since that time, the trial court has not issued a new decision on the motion. Therefore, Brown contends, the motion for leave to amend remains pending and the petition for a writ of mandamus/procedendo is not moot.

{¶ 16} Judge Logan, on the other hand, argues that Brown's mandamus/procedendo action is barred by res judicata. According to Judge Logan, Brown either raised or could have raised the same issue in his first mandamus/procedendo action, which the court of appeals dismissed on September 12, 2012.

**{¶ 17}** We hold that the first dismissal does not operate as res judicata. The appellate court's judgment entry makes clear that it dismissed the first mandamus/procedendo action for lack of subject-matter jurisdiction.

> Preliminarily, we note that Brown filed his petition under his existing direct appeal, 11th Dist. No. 2011-T-0101. To invoke our jurisdiction to institute an original action, Brown must file his petition separate and apart from his existing appeal.

*Brown*, 11th Dist. Trumbull No. 2011-T-0101 (Sept. 12, 2012), at 1. A dismissal for lack of subject-matter jurisdiction does not operate as res judicata when the complaint is refiled. *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 11. Once the appellate court declared that it lacked subject-matter jurisdiction to entertain the mandamus/procedendo complaint, any discussion of the merits was dicta. *Wallace v. Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, ¶ 17, fn. 4. The portions of the appellate court decision declaring that the trial court had issued a valid ruling on Brown's motion and that Brown's petition was therefore moot were dicta and thus cannot constitute res judicata.

**{¶ 18}** But although Judge Logan cannot prevail on res judicata grounds, he is entitled to judgment on the merits. The evidence in the record demonstrates that both the appellate court's nunc pro tunc order and the trial court's decision to reject the motion for leave to amend were issued on June 13, 2012. The clerk of court's date stamp on Judge Logan's judgment entry does not indicate the time of day at which the entry was filed, so it is impossible to determine which entry was journalized first. It is at least possible that the appellate court's nunc pro tunc entry was journalized first, which means that the trial court did in fact have

jurisdiction to decide the motion, even if it was unaware of the nunc pro tunc entry at the time.

{¶ 19} Brown has the burden of proof to show that he is entitled to extraordinary relief. Brown has not eliminated the possibility that the trial court had jurisdiction at the time Judge Logan ruled, which means he cannot prevail.

{¶ 20} Brown argues that even if the trial court did have jurisdiction to issue its June 13, 2012 order, it was not free to make the ruling that it did regarding the timeliness of his motion to amend. He argues that the court of appeals necessarily decided that his motion for leave to amend was filed before the trial court ruled on the omnibus motion, because otherwise there would have been no reason to remand the case in the first place. Brown then reasons that this determination became the law of the case, and the trial court was not free to reach a different conclusion. This argument construes the appellate court order too broadly. The purpose of the remand was to determine whether the motion for leave had merit, which would include determining whether it had been timely filed or was moot. Nothing in the language of the remand order indicates that the appellate court intended to preempt the trial court by deciding this issue. And even if Brown is correct that the trial court erred when it denied his motion for leave to amend as moot, because his omnibus motion was still pending when he filed his motion for leave to amend, he would not be entitled to an extraordinary writ. If the trial court wrongly denied his motion as moot, Brown's remedy would lie in a direct appeal of the entry denying his motion to amend.

{¶ 21} Moreover, the writ was properly denied because Brown's own logic is ultimately self-defeating. Both the original (erroneous) June 2012 remand order and the nunc pro tunc order provided for a limited remand *lasting 20 days only*. So if Brown were correct that the trial court's June 13, 2012 entry was void for lack of subject-matter jurisdiction, it would necessarily follow that the trial court was also without subject-matter jurisdiction to decide the motion *when*

*Brown filed his mandamus/procedendo action in December 2012* because jurisdiction had returned to the court of appeals when the 20 days elapsed. And if the trial court had no jurisdiction to rule on the motion, then it necessarily follows that the trial court had no clear legal duty to rule on the motion, and Brown has no clear legal right to a writ.

{¶ 22} We therefore affirm the dismissal of Brown's petition.

{¶ 23} The remaining issue for decision is whether the court of appeals abused its discretion by revoking Brown's in forma pauperis status. "In forma pauperis" means that a party is indigent and may file an action or appeal without payment of costs. *See, e.g.,* R.C. 2969.25(C); Loc.App.R. 3(B)(1) of the Eleventh District Court of Appeals. Brown erroneously equates the revocation of his in forma pauperis status with a declaration that he is a vexatious litigator. The two sanctions are not the same. Brown has not been subjected to any of the restrictions provided in R.C. 2323.52(D)(1), such as being required to obtain leave of court before filing a complaint.

{¶ 24} Courts have inherent authority to revoke a litigant's in forma pauperis status prospectively. *In re Guess*, 75 Ohio St.3d 1515, 665 N.E.2d 684 (1996). Generally, a litigant's improper conduct must reach a high threshold before a court will take such severe action. For example, in *In re McDonald*, 489 U.S. 180, 183, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989), the United States Supreme Court revoked a petitioner's in forma pauperis privileges after the petitioner made 73 meritless filings. And in *In re Sindram*, 498 U.S. 177, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991), the court revoked the privileges after the petitioner filed 43 petitions and motions in the Supreme Court and pursued litigation in five separate state and federal courts on 27 occasions, all in relation to a speeding ticket.

{¶ 25} Ohio courts have taken such action only upon a similar showing of abuse. The Ohio Court of Claims revoked Maharathah Karmasu's in forma pauperis privileges because he had filed 37 frivolous, repetitive suits. *Karmasu v.*

*S. Ohio Corr. Facility,* 63 Ohio Misc.2d 377, 378, 629 N.E.2d 1132 (Ct. of Cl.1993). Also in 1993, Karmasu filed the same complaint in a different venue, which led to a revocation of his privileges in that court as well. *Karmasu v. Wilkinson*, 115 Ohio App.3d 737, 686 N.E.2d 309 (12th Dist.1996); *see also State ex rel. Nash v. Cleveland Police Dept.*, 8th Dist. Cuyahoga No. 84501, 2004-Ohio-4351, ¶ 5 (in forma pauperis status revoked after Nash filed "more than twenty" original actions and appeals that had no merit); *State ex rel. Richard v. Cuyahoga Cty. Bd. of Commrs.*, 100 Ohio App.3d 592, 600, 654 N.E.2d 443 (8th Dist.1995) (in forma pauperis status revoked after petitioner filed 63 meritless original actions for extraordinary relief).

**{¶ 26}** In this case, by contrast, the court of appeals took action in response to *one* filing. *Brown*, 11th Dist. Trumbull No. 2012-T-0099, at 3-4 ("this court deemed Brown's original action, filed July 27, 2012, moot, and then, just five months later, Brown filed a subsequent original action seeking the same remedy. Based on Brown's filing, this court hereby revokes his in forma pauperis privilege"). As discussed above, Brown filed his first request for extraordinary relief under the case caption of his criminal appeal, rather than as a separate action, so the appellate court dismissed the petition for lack of subject-matter jurisdiction. Thus, any discussion of mootness in that first dismissal entry was dicta, and there was nothing improper in Brown's filing an original action in proper form to secure a ruling on the merits.

**{¶ 27}** Revocation of one's in forma pauperis privileges is reserved for the most serious cases of abuse of the privileges. Although Brown's complaint proved meritless and even close to frivolous, it does not warrant this severe action. We therefore find that the court of appeals abused its discretion, and we reverse its judgment as to the revocation of in forma pauperis privileges.

**Conclusion**

{¶ 28} We affirm the portion of the court of appeals' judgment dismissing the petition for writ of mandamus and/or procedendo and reverse the portion revoking Brown's in forma pauperis privileges.

Judgment affirmed in part
and reversed in part.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Felix Brown Jr., pro se.

Dennis Watkins, Trumbull County Prosecuting Attorney, and LuWayne Annos, Assistant Prosecuting Attorney, for appellee.

_____