[Cite as *State ex rel. S.Y.C. v. Floyd*, 2021-Ohio-3467.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, EX REL., S.Y.C.,　　　:

　　　Relator,　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　　No. 110759

　　v.　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　:

JUDGE ALISON L. FLOYD,

　　　Respondent.　　　　　　　　:

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**　WRIT OF PROCEDENDO GRANTED; WRIT
　　　　　　　　　OF MANDAMUS DENIED AS MOOT
**DATED:**　September 28, 2021

---

Writs of Procedendo and Mandamus
Order No. 549414

---

### *Appearances:*

S.Y.C., *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Nora E. Poore, Assistant Prosecuting
Attorney, *for respondent.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Relator, S.Y.C., seeks writs of procedendo and mandamus directing respondent, Judge Alison L. Floyd, to issue rulings on motions that have been pending before respondent for an inordinate amount of time, and to either rule on

other motions or set the matters for hearing. For the following reasons, we grant a writ of procedendo, deny the request for writ of mandamus as moot, and order respondent to issue rulings or set matters for hearing as directed below.

**Procedural History**

{¶ 2} On August 20, 2021, S.Y.C. filed a verified complaint alleging that numerous matters, some of which have been pending since before 2016, were submitted for decision after a trial that began on May 5, 2021. The complaint alleged that respondent has not issued any rulings on the matters submitted. She further alleged that several motions were filed between the time of the hearing and the filing of the complaint and no action has been taken on the motions — whether ruling on them or setting them for hearing.

{¶ 3} On August 31, 2021, this court, sua sponte, issued an alternative writ directing respondent to rule on motions that were submitted for determination during the May 5, 2021 hearing, and set any pending motions for hearing, or show cause why a writ should not issue. Respondent then timely filed a response arguing that additional time was needed to rule on the matters submitted to her for decision at the May hearing. Respondent asserted that the trial on the motions litigated at the May hearing was lengthy and exhibits submitted during the hearing numbered in the hundreds. Respondent also filed a motion to dismiss the present action on September 24, 2021. There, she again argued that more time was needed to properly rule on pending matters and that she has not unduly delayed ruling.

**{¶ 4}**  A review of the procedural history of the underlying juvenile court cases involving S.Y.C.'s children, J.C. and G.C., is helpful to understand the frustration evident in S.Y.C.'s complaint.  The juvenile case that underpins this action has previously been before this court multiple times.  We have previously summarized the procedural history:

> Mother [(S.Y.C.)] and Father have been feuding over custody and visitation issues since before G.C. was born.  The children initially lived with Mother and her parents in Madison, Ohio, while Mother was commuting to medical school in Columbus.  In 2009, when Mother began her residency, she moved with the children to Columbus, under a court order that she transport the children to visit Father, who is a physician in the Cleveland area, for 16 hours each week.
>
> In June 2009, Mother accused Father of abusing her and J.C, and Mother refused to allow Father his visitation time.  Both parties filed various motions, and ultimately the court determined that shared parenting was not feasible in this case, given the geographical distance between the parents and the court's conclusion that Mother was not likely to honor court-ordered parenting time with Father.
>
> On December 22, 2009, the Lake County Court of Common Pleas, Juvenile Division, named Father the residential parent and legal custodian of the children.  Additionally, the court granted Mother, who was still living in Columbus at the time, graduated visitation with the children.  This custody determination was affirmed on appeal in [J.V.C.] v. [S.Y.C.], 11th Dist. Lake No. 2010-L-008, 2010-Ohio-5401.
>
> Mother and Father again filed numerous subsequent motions, and the court issued various orders regarding topics ranging from when the children were available for telephone conversations to whether the children would retain Mother's surname.  These orders were affirmed on appeal.  *See* [J.V.C.] v. [S.Y.C.], 11th Dist. Lake No. 2011-L-121, 2012-Ohio-2242; [J.V.C.] v. [S.Y.C.], 11th Dist. Lake No. 2012-L-103, 2013-Ohio-2042.
>
> On August 18, 2011, Mother filed a motion for allocation of parental rights and responsibilities and motion for shared parenting, which the trial court denied on August 22, 2012.

On September 17, 2012, and October 18, 2012, Mother filed a motion to modify parenting time/visitation. The court granted this motion on September 6, 2013, resulting in the following equal parenting time schedule: "Commencing * * * Sunday at 7:00 p.m. * * *, Mother's parenting time shall be increased so that children are with Mother for one week, until the following Sunday at 7:00 p.m. and are then with Father for one week, until the following Sunday at 7:00 p.m., on a rotating basis."

This equal parenting time order was affirmed on appeal in [J.V.C.] v. [S.Y.C.], 11th Dist. Lake No. 2013-L-092, 2014-Ohio-2454.

On October 16, 2015, Mother filed a second motion for reallocation of parental rights and responsibilities seeking "legal custody and residential parent status" of the children, or in the alternative, shared parenting. On December 1, 2015, Father filed a motion to modify parenting time, requesting that Mother's visitation be reduced.

On January 12, 2016, the Lake County Court of Common Pleas, Juvenile Division, transferred this case to the Cuyahoga County Court of Common Pleas, Juvenile Division, because, by this time, Mother and Father both lived in Cuyahoga County. The parties renewed their respective motions, and on December 1, 2016, and December 2, 2016, the court held hearings on these motions. On May 8, 2018, the court issued a journal entry stating, in part, as follows:

The Court does not find that based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change in circumstances has occurred in the child[ren], the child[ren's] residential parent, or either of the parents subject to a parenting decree, and that the modification is necessary to serve the best interests of the child[ren].

*In re J.C.*, 8th Dist. Cuyahoga Nos. 107292 and 107294, 2019-Ohio-107, ¶ 3-11. On January 10, 2019, we reversed the above-referenced decision and remanded the matter to respondent for a new hearing on S.Y.C.'s motion for reallocation of parental rights and responsibilities. *Id.* at ¶ 35. Even though no appeal of our

decision was taken, the hearing that this court ordered did not take place until May 5, 2021.

{¶ 5} S.Y.C. was before this court in a later appeal. We again summarized the history pertinent to that appeal:

> Mother [(S.Y.C.)] and Father have two minor children, J.C. and G.C. ("the children"). On December 22, 2009, by the Lake County Juvenile Court, Father was awarded sole custody and residential status of the children. As a result, Mother was designated as the child support obligor and ordered to pay $1,181.97 per month in child support. On September 17, 2012, Mother filed a motion to modify her visitation with the children, and that motion was granted on September 6, 2013. Mother's child support obligation was modified to $626.23 per month.
>
> However, because of a typographical error adopted by the court, the child support was modified to $626.23 per month, per child, for a total of $1,252.46 a month. The magistrate journalized the incorrect child support amount even though the Lake County Child Support Enforcement Agency filed a document with the court demonstrating the correct amount of $626.23 per month. On October 16, 2015, Mother filed motions to waive and/or recalculate child support and to share federal tax credits.
>
> On December 11, 2015, Mother filed a motion to transfer the case to Cuyahoga County from Lake County. The motion was granted, and Mother filed another motion to share federal tax credits and to waive or recalculate the child support order. On December 5, 2018, the Cuyahoga County Juvenile Court held a hearing on Mother's motions. The trial court did not issue its ruling until two years later, on April 13, 2020. The trial court found that the original child support order of $626.23 per month, per child, was in error, and the order should have awarded $626.23 per month.
>
> Accordingly, the trial court ordered that Mother's motions to waive or recalculate the child support order and her motion to share the federal tax credits were granted, effective from December 5, 2018, not from October 16, 2015, when Mother originally filed her motion. The trial court reduced Mother's child support obligation to $0. The trial court also ordered that Father repay Mother within 30 days of the date of its order the overpayment of child support in the amount of

$11,742.00 per child that Father received from October 16, 2015 to December 4, 2018. Father was also ordered to repay Mother any overpayment of child support he received after December 5, 2018.

*In re J.C.*, 8th Dist. Cuyahoga Nos. 109747 and 109748, 2021-Ohio-2451, ¶ 2-5. In this appeal, on July 15, 2021, this court reversed in part respondent's orders and remanded to recalculate child support and to make the modification of child support retroactive to the date the motion was filed. *Id.* at ¶ 12, 21.

{¶ 6} The delay evident in the procedural history of these cases as recounted by this court would have perhaps been greater had S.Y.C. not filed previous original actions in this court. On two previous occasions, S.Y.C. filed complaints for writs of procedendo and mandamus. In a 2018 action, S.Y.C. sought to compel rulings on matters submitted to the court during a 2016 hearing:

> In early December 2016, a hearing was conducted before a magistrate on Father's motion to modify parenting time and S.Y.C.'s motion to modify custody/visitation. The magistrate issued decisions on December 16, 2016 and January 3, 2017. Objections to the decisions were filed and, at the request of the parties, the court allowed additional time to file supplemental objections and set a cutoff date of May 15, 2017. Supplemental objections were filed by both parties, but no ruling was forthcoming.
>
> S.Y.C. attempted to coax the respondent judge to proceed to judgment on other matters, such as her motion to share federal tax credits and motion to recalculate child support. No rulings on these matters were forthcoming so, on March 19, 2018, S.Y.C. filed the instant original action.

*State ex rel. S.Y.C. v. Floyd*, 8th Dist. Cuyahoga No. 106955, 2018-Ohio-2743, ¶ 4-5. Respondent entered rulings on the pending matters and set other matters for hearing, including S.Y.C.'s motion to modify custody and visitation. This court

denied the requested relief as moot. The decisions issued as a result of the original action would form the basis of the first appeal referenced above, *In re J.C.*, 8th Dist. Cuyahoga Nos. 107292 and 107294, 2019-Ohio-107.

{¶ 7} Following the partial reversal of respondent's decision in the first appeal above, S.Y.C. again sought relief in procedendo and mandamus before this court. This time, we recounted the pertinent history thusly:

> On June 4, 2018, S.Y.C. timely appealed the judgments rendered in Cuyahoga J.C. Nos. CU-16-101850 and CU-16-101851 that denied her motions to modify the allocation of parental rights and responsibilities concerning her two minor children. On January 10, 2019, this court reversed Judge Floyd's judgment and remanded the matter for a new hearing and compliance with R.C. 3109.051(G)(1):
>
> > Judgment reversed in part, and remanded to the lower court for further proceedings consistent with this opinion. The court's denial of Mother's motion for reallocation of parental rights and responsibilities is reversed. The court's order regarding Father's notice of intent to relocate is reversed. The court's denial of Father's motion to modify parenting time is not part of this appeal. This case is remanded to the trial court for a new hearing on Mother's motion for reallocation of parental rights and responsibilities, and to issue a new order complying with R.C. 3109.051(G)(1).
>
> Since the remand, S.Y.C. has filed multiple motions, which she claims have not been ruled upon by Judge Floyd in a timely fashion: 1) motion for transcript of the proceedings held on December 5, 2018; 2) motion for reconsideration of court-ordered enrollment of children in counseling; and 3) motion to allocate tax dependency exemptions and credits and to waive (deviate)/recalculate child support. In addition, S.Y.C. claims that Judge Floyd has not scheduled a new hearing, as required upon remand, with regard to the motion for reallocation of parental rights and responsibilities and issue a new order complying with R.C. 3109.051(G)(1).

On March 16, 2020, S.Y.C. filed her complaint, in this court, seeking: 1) a writ of procedendo, to compel Judge Floyd to issue rulings with regard to pending motions; and 2) a writ of mandamus to compel Judge Floyd to comply with this court's remand order and conduct a new hearing with regard to the motion for reallocation of parental rights and responsibilities and to issue a new order complying with R.C. 3109.051(G)(1).

*State ex rel. S.Y.C. v. Floyd*, 8th Dist. Cuyahoga No. 109602, 2020-Ohio-5189, ¶ 2-4. After briefing, we again denied the requested relief because we found the action to be moot. Respondent had entered rulings on various motions, including those that were the subject of the second appeal referenced above, and set some matters for hearing or final prehearing conference. We determined that

> it has been firmly established that a trial court retains control over the disposition of its trial docket and the control falls within the sound discretion of the trial court. *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270; *State v. Bayless*, 48 Ohio St.2d 73, 357 N.E.2d 1035 (1976), vacated in part on other grounds, 438 U.S. 911, 98 S.Ct. 3135, 57 L.Ed.2d 1155 (1978); *State v. Schwarzman*, 8th Dist. Cuyahoga No. 100337, 2014-Ohio-2393. In light of the Covid-19 pandemic that has gripped this nation, and the four separate "Judicial Emergency and Continuity of Operations of the Court Due to Covid-19 Pandemic," issued by the Cuyahoga Court of Common Pleas, Juvenile Division, that severely restricted all trials and the physical appearance of parties and witnesses, we find that Judge Floyd has not abused her discretion in conducting extended attorney conferences and not immediately proceeding to conduct a hearing as required upon remand.

*State ex rel. S.Y.C.*, 8th Dist. Cuyahoga No. 109602, 2020-Ohio-5189, at ¶ 11.

{¶ 8} Since this decision, a hearing was conducted in early May 2021. S.Y.C.'s complaint indicates that a hearing was held on various motions over three days, beginning on May 5, 2021. There, numerous issues were submitted to respondent for consideration, including the issues remanded by this court in the

2019 appeal. S.Y.C. lists these and other pending matters in her complaint: (1) motion for reallocation of parental rights and responsibilities filed October 16, 2015 and remanded to Judge Floyd on January 10, 2019, (2) motions to show cause filed November 15, 2019, December 11, 2019, February 4, 2020, and April 19, 2021, (3) motion for makeup visitation for COVID-19 related missed visitation filed April 19, 2021, (4) motion for relief regarding Christmas break visitation with expedited action requested filed December 8, 2020, (5) emergency motion to compel regarding summer vacation filed June 22, 2021, (6) motion for reimbursement of costs related to investigation and report of Dr. Michael Leach filed April 19, 2021, (7) amended motion for reimbursement of costs related to investigation and report of Dr. Michael Leach filed April 27, 2021, (8) motion to modify residential parent designation filed November 15, 2019, (9) and the matters remanded to Judge Floyd by this court's July 15, 2021 decision.

**Law and Analysis**

### Procedendo and Mandamus

{¶ 9} A request for writ of procedendo or mandamus offers an appropriate remedy where a court has refused to enter judgment or has unnecessarily delayed in rendering judgment. *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 5; *State ex rel. Brown v. Logan*, 138 Ohio St.3d 286, 2014-Ohio-769, 6 N.E.3d 42. In order to prevail in procedendo, relators must show that they have a clear right for a court to proceed, the court has a clear legal duty to do so, and they lack an adequate remedy in the ordinary course of law. *State ex rel.*

*Bechtel v. Cornachio*, Slip Opinion No. 2021-Ohio-1121, ¶ 7, quoting *State ex rel. White v. Woods*, 156 Ohio St.3d 562, 2019-Ohio-1893, 130 N.E.3d 271, ¶ 7, quoting *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, ¶ 9. "The writ does not instruct the lower court as to what the judgment should be; rather, it merely instructs the lower court to issue a judgment." *Id.*, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). Mandamus has many of the same requirements, but more generally applies to government actors, not just judges or courts. S.Y.C. does not separately argue her requests for writs of mandamus and procedendo. So, this court will focus on procedendo, which is more specifically applicable to respondent.

{¶ 10} What constitutes a dilatory ruling has previously been addressed by this court. We have consistently held that "complaints in procedendo are premature when the time period to rule on motions has not exceeded 120 days as set forth by Sup.R. 40(A)." *State ex rel. Goodwin v. Gaul*, 8th Dist. Cuyahoga No. 90162, 2007-Ohio-4294, ¶ 5, citing *State ex rel. Mayes v. Ambrose*, 8th Dist. Cuyahoga No. 88259, 2006-Ohio-3322; *State ex rel. McDougall v. Corrigan*, 8th Dist. Cuyahoga No. 80633, 2002-Ohio-327; *State ex rel. Rodgers v. Cuyahoga Cty. Court of Common Pleas*, 83 Ohio App.3d 684, 615 N.E.2d 689 (8th Dist.1992). However, Sup.R. 40(A)(3), specifying that a court should rule on a motion within 120 days, is a laudatory goal that does not give rise to enforceable rights through which a relator may compel a ruling. *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 8. The same is true of R.C. 2701.02, which specifies that a

matter submitted to a court should be determined within 30 days after its submittal. *State ex rel. Ticknor v. Randall*, 152 Ohio St. 129, 131, 87 N.E.2d 340 (1949) (addressing a former analogous statute). The time it takes to decide any given matter will necessarily depend on the issue at hand. *Culgan* at ¶ 12. However, "[a] court that takes more than 120 days to rule on a motion risks unduly delaying the case and * * * risks our issuing writs of mandamus and/or procedendo to compel a ruling." *Id.* at ¶ 11.

{¶ 11} More than 120 days have passed since the date of the hearing. This does not take into consideration when the motions submitted for determination at the hearing were filed. According to relator's sworn complaint, some motions have been pending for a number of years — the result of having been reversed through various appellate decisions. Further, these motions, including motions to show cause regarding visitation, are time sensitive. Motions for child visitation, to enforce or modify current shared parenting orders and/or custody orders, and for contempt of existing court orders have languished. For instance, relator's complaint alleges that she filed a motion on December 8, 2020, essentially asking the court enforce the existing holiday visitation schedule and to determine issues of visitation over the 2020 December holiday season. The motion sought expedited determination. Yet, the motion remains undetermined and we are only a few months away from the 2021 holiday season.

{¶ 12} Respondent, in her response to this court's August 31, 2021 order, argued that the matters submitted during the May hearing and after are complex,

and the trial was lengthy with exhibit labels going into triple lettering following the traditional naming scheme.[1]  Further several motions have been filed since the hearing, and this court has remanded another matter to respondent for redetermination.  However, not all matters submitted are complex.  Respondent has chosen to not issue rulings on various motions, causing delay and multiple filings related to a single issue.  This does not serve judicial economy.  This may be her prerogative because "a trial court retains control over the disposition of its trial docket and the control falls within the sound discretion of the trial court."  *S.Y.C.*, 8th Dist. Cuyahoga No. 109602, 2020-Ohio-5189, ¶ 11, citing *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270; *State v. Bayless*, 48 Ohio St.2d 73, 357 N.E.2d 1035 (1976), *vacated in part on other grounds*, 438 U.S. 911, 98 S.Ct. 3135, 57 L.Ed.2d 1155 (1978); *State v. Schwarzman*, 8th Dist. Cuyahoga No. 100337, 2014-Ohio-2393.  However, her consistent reticence to timely address matters in this case has led to further litigation, long delays, and, at least according to the complaint in this case, the denial of a parent's right to equitable access to her children and a child's right to visitation from his or her parent — a fleeting resource.

{¶ 13} This court finds that respondent has unduly delayed in determining matters submitted for decision during the May 2021 hearing.  Almost five months

---

[1] Respondent did not provide this court with any evidence or affidavit in support of her response or motion to dismiss.  Nor are the dockets of the underlying juvenile court cases publicly accessible on the internet.  So, we may not take judicial notice of the record in these cases.  *See State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 8, 10 (finding that a court can take judicial notice of judicial opinions and public records accessible from the internet).

have passed since the hearing with no decision on any matter, whether simple or complex. Therefore, we grant S.Y.C. a writ of procedendo directing respondent to issue rulings on all matters submitted for decision at the May 2021 hearing within 30 days of the date of this opinion. Further, we find that motions filed after the May 2021 hearing, as outlined in S.Y.C.'s complaint and set forth above, have not been promptly addressed. Respondent has unduly delayed in addressing these matters, some of which required swift attention. As such, we grant S.Y.C. a writ of procedendo directing respondent to issue rulings on these motions or set them for hearing within 90 days of the date of this opinion. This renders S.Y.C.'s request for a writ of mandamus moot. Therefore, it is denied.

{¶ 14} A writ of procedendo is granted. S.Y.C.'s request for writ of mandamus is denied as moot. S.Y.C. shall recover from respondent the costs of this action; costs waived. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).


_____
KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR